## Hansen vs. Fish and others.

PRACTICE: *Judgment and verdict set aside at the trial term, without notice.*

1. A motion to set aside the verdict, on the judge's minutes, must be made at the term when the trial is had; and such motion and the decision thereon are a part of the trial, and do not require any notice apart from the notice of trial.

2. The court may, of its own motion, set aside a judgment inadvertently ordered, at the same term; and it was not error to set aside both a 'udgment thus entered and the verdict, without notice of a motion for that purpose

APPEAL from the Circuit Court for *Columbia* County.

The case is stated in the opinion.

. *Mackey & Lusk*, for appellants (defendants below), argued that all orders except such as a party is entitled to as a matter of course, must be brought on upon notice or order to show cause (R. S. ch. 140, sec. 30; C. C. Rules, 22, 23); that on a motion for a new trial on the judge's minutes, the opposite party, having a right to be heard, is entitled to notice of the time and place of hearing (2 Whit. Pr. 3d ed. 433); that such notice must be in writing, and of eight days (*Butler v. Mitchell*, 17 Wis. 52–58; R. S. ch. 140, sec. 30); that the statutory time cannot be shortened by order of court (*Foote v. Carpenter*, 7 Wis. 395); that the court is authorized to enter judgment upon motion on a referee's report (R. S. ch. 132, sec. 23) in substantially the same language which is used in authorizing it to entertain a motion, on the judge's minutes, to set aside a verdict and grant a new trial (R. S. ch. 132, sec. 16), yet it has been held irregular to enter judgment on the referee's report *without notice* of the motion. *Jenkins v. Esterly*, 22 Wis. 128–131. 2. They further argued that it was irregular to entertain a motion on the judge's minutes to set aside the verdict *and judgment*, or the verdict *after* judgment (R. S. ch. 132, sec. 16); that after the entry of judgment the proceedings can be reviewed only by appeal (*Jackson v. Fassit*, 17 How. Pr. R. 453; 21 id. 280; 33 Barb. 647; *Barnes v. Roberts*, 5 Bosw. 73–80; *Anthony v. Smith*, 4 id. 510); and that the only exception to this rule is, where the party is permitted to enter judgment as security, and in the order the right to make the motion for a new trial is reserved. 21 How. Pr. R. 280; Opinion of Justice ROOSEVELT, in 17 How. Pr. R. 454.

*J. Bowman* (with *S. S. Barlow & P. L. Spooner*, of counsel), for respondent:

1. There is no law requiring notice of the motion for a new trial on the judge's minutes. Such a motion can only be heard at the same term at which the trial was had. R. S. ch. 132, sec. 16. A verdict may be returned into court at the last hour of the term, and it may be necessary that such a motion should be heard immediately. That no notice of the motion is necessary, results also from the inherent power of the court to set aside a verdict, of its own motion, which is contrary to the instructions and to the evident right of the case. 2 Blacks. Comm. 390.

2. Possibly the *judgment* could not be set aside without notice of a motion for that purpose, if the order were entered at a subsequent term; but during the term all things are *in fieri*, and the court has control of its own records, and may strike out or correct any entries which have been made through its own inadvertence or that of its clerk. 9 Ind. 490; 3 Stewart (Ala.) 139; 16 Ala. 422; 14 Ind. 166. Suppose it is brought to the notice of the judge, at the very close of the term, that some order or entry has been inadvertently signed or made, which might produce serious injury if left to stand; may he not instantly correct it? Moreover, when the verdict was set aside, the judgment fell with it, without any order expressly vacating it, as it could not stand without any verdict to support it.

LYON, J. This is an appeal from an order of the circuit court for Columbia county, denying a motion to vacate and set aside a former order of the court, which vacated and set aside the verdict and judgment in the action, and granted a new trial. The facts, so far as it is necessary to state them to present the questions raised by this appeal, are as follows:

The action was tried at the December term, 1869, of that court, and the plaintiff had a verdict. The verdict was returned on the 15th day of that month,

and immediately the attorney for the defendants, in the absence of the attorney for the plaintiff, made a motion orally for a new trial upon the minutes of the judge. This motion was not entered in the minutes of the clerk at the time it was made. On the return of the attorney for the plaintiff into court soon after, the judge informed him that such motion had been made. However, the attorney for the plaintiff, understanding that the motion was not to be entertained, remitted a part of the verdict, and procured the judge to sign an order for judgment for the residue thereof. The judge did not understand that such motion was not to be pressed or entertained, and signed the order for judgment inadvertently. The counsel for plaintiff proceeded to give notice of the adjustment of the costs, had the same adjusted, and, on the 22d day of December, perfected the judgment and left the court. On the next day, December 23d, the court, in the due course of business, heard the motion for a new trial made on the 15th, no one appearing thereon for the plaintiff, and after due consideration and on the same day granted the motion.

At the next term of the court the plaintiff moved the court, on due notice, to set aside and vacate the order of December 23d, granting a new trial; and the court denied the motion, and an order was duly entered to that effect. From this last mentioned order the plaintiff appeals.

The principal question presented by this appeal is, whether the opposite party is entitled to formal notice of a motion made upon the minutes of the judge to set aside a verdict, or a verdict and judgment, if judgment has been entered, and for a new trial.

Such motions must be made at the same term at which the cause is tried. R. S. ch. 132, sec. 16. "A trial is the judicial examination of the issues between the parties, whether they be issues of law or of fact." Sec. 5 of the same chap. This judicial examination

of the issues is not by the jury alone. The judge has something to do with it. Hence such examination is not complete when the jury have returned a verdict.

It is then for the judge to say whether they have decided correctly, and if he finds upon "an examination of the issues" that they have not, or if he finds that his rulings during the trial have been wrong, on a motion for that purpose founded on his minutes, and made at the same term, he will set aside such erroneous verdict and grant a new trial.

It seems quite clear to my mind, that such motion and the decision thereof is a part of the trial, and is covered by the notice of trial. This is so of all the usual motions which may be made in the progress of a trial, intermediate the verdict and the judgment, such as motions for stay of proceedings after verdict, and motions for judgment, which may involve to some extent an examination of the issues. I do not understand that there is any law or rule of court which requires notice to be given of such motions when they are made at the same term at which the cause is tried. And I think a motion for a new trial on the minutes of the judge is of the same character. In practice I never knew a formal written notice of such motion to be given. They are usually made orally, decided by the court, and the motion and order granting or denying it entered in the minutes by the clerk. In the ninth circuit it is not the practice to hear argument upon such motions, except in special cases the judge indicates a desire that they be argued. So far as I know, this practice prevails to a greater or less extent throughout the state, and I think has its origin in the generally received opinion of the courts and the bar, that these motions and the decision of them are parts of the trial, and do not require any formal notice to the adverse party, but are covered by the notice of trial. 2 Whittaker's Pr. 433, is cited in support of the opposite doctrine; but the statement there is

Hansen vs. Fish and others.

simply that where a motion on the judge's minutes for a new trial is made, "nothing but a mere notice is necessary," and that "an order to show cause would seem to be the more advisable course;" and no authorities are there cited on the subject. In fact, this practice is almost obsolete in New York, and the motion, instead of being made at the circuit on the judge's minutes, is almost invariably made on a case or exceptions to the special or general term. Hence there are no reported cases in that state which aid us in solving the question under consideration.

There can be no doubt of the power of the court to set aside a judgment inadvertently ordered, at the same term at which the judgment was entered; and I have no doubt that the court may exercise that power on its on motion, though perhaps the occasions where it would do so are rare. I do not think that the judgment in this case was any impediment to the action of the circuit court in granting the motion for a new trial.

We find no error in the proceedings of the circuit court, and are therefore of the opinion that the order appealed from should be affirmed.

*By the Court.*—Order affirmed.