## SERVATIUS vs. PICKEL.

PRACTICE: *Power of court to vacate or modify its orders at the same term.*

1. It is a general rule that the court has entire control over its own orders and judgments, and may vacate and modify them at any time *during the term* at which they are made or rendered.
2. After making an order for a change in the place of trial, the court, at the same term and *before the papers are transmitted,* may vacate such order, and direct the cause to be sent to a different county from that first named.

APPEAL from the Circuit Court for *Winnebago* County.

The plaintiff, *Servatius,* brought his action against defendant in the Circuit Court for Fond du Lac county. Application being made to said court to change the place of trial, an order

was made changing it to Dodge county. The judge afterwards, but at the same term, erased the word "Dodge" in the order, and inserted in lieu thereof the word "Winnebago," and the papers were sent to the Circuit Court for Winnebago county. Defendant moved the latter court to transmit all papers and pleadings in the case to the Circuit Court for Dodge county, pursuant to the order as originally made, changing the place of trial to Dodge county. The motion was denied and defendant appealed.

*Gerrit T. Thorn,* for appellant.
*Edward S. Bragg, contra.*

DIXON, C. J. The change made by the court in the order, striking out the word "Dodge" and inserting in place thereof the word "Winnebago," was equivalent to a vacation of the order changing the place of trial to Dodge county, and the making of a new order directing the cause to be sent to Winnebago county for that purpose, and the question thus presented is, whether the court had the power at the same term and before transmission, but whilst the cause remained in it, thus to vacate an order respecting the place of trial, and to make a new order in its stead? We are clearly of opinion that the court had such power. The decisions of this court cited by counsel for the appellant, do not touch the question, but were made in cases differing entirely in their character. The question here is as to the power of the court to vacate, modify or set aside an order *at the same term* at which it was made, and not a question as to the effect of an order made at a *previous* term as *res adjudicata* and conclusive, when the same motion is renewed, or attempted to be, without leave reserved at a *subsequent* term, nor one which relates to the power of the court to vacate or set aside judgments *after* the term at which they were rendered. The cases in this court in which the power has been denied, were all of the latter kinds. Such was the case of *Kabe v. The vessel "Eagle,"* 25 Wis., 108, though the facts may not distinctly

appear from the report. Such too was *Moll v. Benckler*, 28 Wis., and *Branger v. Buttrick*, 28 Wis., and all the rest. The same rule has been applied where the application was to vacate a judgment rendered at a previous term. *Edwards v. The City of Janesville*, 14 Wis., 26 ; *Spafford v. The City of Janesville*, 15 Wis., 474.

But with regard to applications and motions coming up *during the same term*, the power of the court to set aside, modify or change its orders and judgments has never been denied. On the contrary, both in this respect as well as the other, this court has adhered strictly to the common law rules, as will be seen from the case of *The Ætna Life Insurance Co. v. McCormick*, 20 Wis., 268, 269, where the power of the court to review and reverse or vacate its orders and judgments at the same term, was distinctly recognized. The practice is very ancient and familiar. BLACKSTONE says : " Formerly, the suitors were much perplexed by writs of error brought upon very slight and trivial grounds, as mis-spellings and other mistakes of the clerks, all which might be amended at the common law, while all the proceedings were in *paper;* for they were then considered as only in *fieri*, and therefore subject to the control of the courts. But when once the record was made up, it was formerly held, that by the common law no amendment could be permitted, *unless within the very term in which the judicial act so recorded was done ; for during the term the record is in the breast of the court:* but afterwards it admitted of no alteration. But now courts are become more liberal ; and, where justice requires it, will allow of amendments at any time while the suit is depending, notwithstanding the record is made up and the term be past. For they at present consider the proceedings as in *fieri*, till judgment is given ; and therefore that, till then, they have power to permit amendments by the common law ; but when the judgment is once given and enrolled, *no amendment is permitted in any subsequent term.*" 3 Com., 407. It thus appears, that within the term, courts could always modify or change

their orders and judgments. See also 1 Tidd's Prac., 696; 2 id., 1136; and 2 Archbold's Prac., 832.

In this case, therefore, the circuit court of Fond du Lac county, in which the action was pending, had the power to change the order directing the trial to be had in Dodge county, and to substitute Winnebago county in its place, unless there be something in the order for a change of venue distinguishing it from all other orders. It is said that the court having once made an order thereupon, lost all jurisdiction over the cause, although the same had not been removed, except that it might perhaps aid in the removal which had thus been directed. The same sophistical and unsound course of reasoning would deprive the courts of a large part of their power to correct mistakes and remedy errors which may have intervened to the detriment of law and justice, and to the great injury of suitors. An action once dismissed could never be re-instated, and so of an appeal, which could never be restored; because, in either case, there would be no action or appeal pending when the application to re-instate or restore was made. The order changing the venue could not be interfered with or disturbed, notwithstanding the action was still present in the court, and notwithstanding the circuit court of Dodge county had acquired no actual jurisdiction. Such is the argument.

A satisfactory answer seems to be, that the action yet remaining in the court, so that jurisdiction, in fact, was not parted with, the court possessed the same power and authority over that order as over any other of its own making under like circumstances. Pending the dismissal of an action on an appeal, it may, in some sense, be true, that the court is without jurisdiction of the action or appeal, and yet *the order of dismissal still remains in the court* subject to its powers of revision and correction whenever a proper case is presented. Within the rules prescribed by law, the court may operate upon and change its own order. It may revoke or annul it, and in that way jurisdiction of the action or appeal may be restored. The

creature is not greater than the creator. The power which makes may, under proper circumstances, unmake or set aside the order. During the term and before removal of the cause, the order, therefore, was subject to revision and vacation by the court which made it, and when vacated, jurisdiction was fully restored, so that it became competent for the court to give any further direction or to make any new order respecting the place of trial, which, under the circumstances, was deemed most convenient and proper.

*By the Court.*—Order Affirmed.