Brown vs. Brown.

BROWN vs. BROWN.

*September 3 — September 27, 1881.*

*Vacating Judgment.*

The court may, on its own motion, modify or vacate a judgment or order during the term of its entry; and this rule applies to a judgment of divorce.

APPEAL from the Circuit Court for *Rock* County.

Action for a divorce. The defendant made default; the testimony was taken in open court; and on the 29th of April, 1881, the circuit judge signed judgment granting a divorce, which was duly entered of record. On the following day (which was of the same term), the judge, upon his own motion, caused an order to be entered vacating and setting aside such judgment, and continuing the cause for further hearing. From this order the plaintiff appealed.

The cause was submitted on the brief of *Norcross & Dunwiddie* for the appellant, and that of *Bennett & Sale* for the respondent.

LYON, J. The power of the court over its judgments, during the term at which they are rendered, is very broad and ample. One learned writer says that it is unlimited. Free-

man on Judgments, § 90.   It is not claimed that the power is less broad in divorce cases than in other actions.   The existence of this power is freely admitted by the learned counsel for the plaintiff, but they contend that it is not to be exercised unless upon motion of a party and for cause shown.   They deny the right of the judge, upon his own motion, to modify or vacate a judgment rendered by him, although done at the term the judgment was entered.

We think this is too narrow a view of the authority of the court in such cases.   The law confers the power for the furtherance of justice, and it is certainly in the interests of justice that the judge should be allowed, within a reasonable time after he has pronounced judgment, to correct any error therein which may have resulted from his own mistake, inadvertence or want of due deliberation.   Such reasonable time, however, does not extend beyond the term at which the judgment was entered.

This court has several times recognized the power of the judge, on his own motion, to modify or vacate his judgments or orders.   *State ex rel. Kane v. Larrabee,* 3 Pin., 166; *Hansen v. Fish,* 27 Wis., 535; *Servatius v. Pickel,* 30 Wis., 507. In the case in Pinney there is a suggestion that the parties should have had notice of the intention of the judge to modify the decree, but the point was not determined.   In the present case it does not appear in the record whether such notice was or was not given.   Hence that question is not here for determination.   In *Hansen v. Fish* it is said in the opinion that the court may, upon its own motion, set aside a judgment inadvertently ordered, at any time during the term at which it was entered.   The writer of that opinion has not changed his views on the subject, and all the other members of the court concur therein.

*By the Court.*— The order of the circuit court is affirmed.

CASSODAY, J., took no part.