HINMAN and others vs. THE C. H. HAMILTON PAPER COMPANY.

*October 1 — October 18, 1881.*

NEW TRIAL: *Unintentional absence of a party at time of trial.*

Defendant pleaded a good defense, and intended in good faith to go to trial when the cause should be called; and its counsel, with the virtual consent of the court, arranged with the clerk to notify defendant by telephone, at its place of business in the city where the court sat, when the case would be called; and there was only slight unnecessary delay, if any, on the part of defendant in appearing in court after being notified; and, finding that a jury had been impaneled and had assessed the plaintiff's damages, and judgment had been rendered therefor, it immediately asked to have the judgment set aside and for an immediate new trial; and, that being denied, afterwards moved for a new trial on affidavits showing the facts. *Held,* that a denial of the motion was error.

APPEAL from the County Court of *Milwaukee* County. The case is thus stated by Mr. Justice TAYLOR:

" This is an appeal by the defendants from an order of the county court of Milwaukee county refusing to set aside the default and verdict in this action on their motion. The action was on a contract for goods sold to the appellants. The answer set up both a partial defense and a counterclaim. The pleadings were verified. The cause had been placed upon the calendar of the court for trial before the 12th day of October, 1880. The appellants had prepared for trial, and intended to defend the action. The attorney for the appellants, on the day before the default was entered and verdict taken, stated to the presiding judge that they were prepared to and intended to defend the action, and desired him to instruct one of the sheriff's officers to notify such attorney when the action would be reached for trial. This the presiding judge refused to do, but told him to leave word with the clerk of the court to send him notice when the case would be called. The attorney immediately spoke to the clerk, who also declined to send

an officer to notify the attorney, but said that, as the telephone connected with the place of business of the defendants in the city, he would notify them by telephone when the cause would be reached. This arrangement was satisfactory to the attorney of the defendants. This arrangement was made on the 12th day of October, 1880, in the afternoon. The defendants' attorney notified his clients of the arrangement, and directed them to proceed with their witnesses to the court on receiving notice by telephone that the case would be reached for trial.

"The cause was reached for trial on the morning of the 13th of October, 1880, at the opening of the court on that day at ten o'clock in the forenoon. On the opening of the court the cause was called, and neither the defendants nor their attorney appeared, and, after waiting a short time, a jury was called to assess the plaintiff's damages, the proofs were made, and verdict rendered before half past ten. Another jury was called in another case, but not sworn, when the defendants and their attorney appeared in court at about half past ten and asked to be heard in the action, and offered to proceed to the trial thereof at once, if the court would so order. The court refused to set aside the verdict and permit the action to be then tried, unless the attorneys for the plaintiffs would consent. The plaintiffs' attorneys refused to consent. Thereupon the defendants' attorney, upon his own affidavit and the affidavit of C. H. Hamilton, one of the defendants, obtained an order to show cause why the default and verdict should not be set aside and the defendants be permitted to defend the action. This order to show cause was made returnable on the 16th day of October, 1880. On the hearing, the court refused to set aside the default and verdict; and from that order this appeal is taken."

*J. J. Orton*, for the appellants.

For the respondents there was a brief by *Jenkins, Elliott & Winkler*, and oral argument by *Mr. Jenkins*.

TAYLOR, J. The affidavit of the defendants' attorney shows that the defendants had made preparation to defend the action in good faith; that he notified his clients to be ready with their witnesses on the 13th for the trial, and to proceed at once to the court house on receiving notice from the clerk that the cause was to be called for trial; and that, as soon as they were notified by the clerk, they did proceed directly to the court, ready to proceed, and arrived there a little before half-past ten. The defendant C. H. Hamilton testifies that he was at the store, and received the notice by telephone, and immediately proceeded to the court room, and arrived there before half-past ten, and was informed when he arrived that judgment had been taken against them. The clerk of the court testifies that he sent the message to the defendants' place of business fifteen minutes before ten o'clock on the morning of the 13th. There being no question in this case as to the good faith of the defendants as to their defense of the action, and the presiding judge having, by implication at least, given the defendants' attorney the right to rely upon the clerk's giving him or his clients timely notice when the cause would be called for trial, and there being no evidence showing any unnecessary delay on the part of the defendants or their attorney in proceeding to the court prepared to make their defense, after receiving such notice, it seems to us that the refusal to set aside the default and permit the defendants to make their defense can hardly be said to be in furtherance of justice, or a proper exercise of that legal discretion which the trial judge is bound to exercise in such cases. If in this case there was any delay in going to court in order to make defense after the notice was given by the clerk, it must have been of a very trifling character, and could have involved at the most only a delay of a very few minutes. We are inclined to think that the court could have vindicated its right to have the business before it proceed in a regular and orderly manner, if there had been a few minutes' delay on the part of the defendants in

reaching the court, by the imposition of such terms as might be just in the way of costs, upon setting aside the default, and that the facts do not present a case of such neglect on the part of the defendants or their attorney as would justify the court in cutting off all right of defense.

The cases relied upon as justifying the action of the court in this case are not, as we think, in point. *Holden v. Kirby*, 21 Wis., 150; *Stilson v. Rankin*, 40 Wis., 527. In both these cases this court held that the defaults were improperly set aside, because it was evident that there was a want of good faith on the part of the defendants as to the defense of the actions. In the case of *Holden v. Kirby*, which in its material facts was very much like the present case, this court held expressly that the defendant had fully excused himself for his non-appearance when the case was called, and the order was set aside because the defendant's answer did not state any defense to the plaintiff's cause of action; and in the case of *Stilson v. Rankin*, the order setting aside the default was reversed mainly upon the ground that it was evident, from all the circumstances in the case, that the object of the defendant was to postpone a trial and judgment rather than to seek an opportunity of making a valid and meritorious defense. In that case the late learned Chief Justice RYAN remarks, "that a judgment following upon a trial of a cause in its order upon the calendar, and free from all irregularity, should not be disturbed, even at the same term, unless the party complaining of it show reasonable excuse for his failure to resist it, and reasonable presumption that it does him substantial injustice. Had the order vacating the judgment provided for the immediate trial of the issue, at the election of the appellant, we might have hesitated to reverse it." We are clearly of the opinion that the defendant has shown a reasonable excuse for his failure to resist the judgment entered in this case, and if the facts set out in his answer are true, as we think they must be taken to be for the purposes of determining the jus-

tice of the order appealed from, there is a reasonable presumption that the judgment does him substantial injustice. He also gave evidence of the good faith of his defense by his offer to go to trial immediately on his appearance in court. We are not unmindful that orders refusing to set aside a default and permit a defense are addressed to the discretion of the court; but in their determination the court must exercise a legal discretion — a discretion which promotes justice as between the parties to the action. An order which is necessarily unjust to either cannot be sustained on the ground that it is made in the discretion of the court.

*By the Court.*—The order of the county court is reversed, and the cause remanded with direction to the county court to set aside the default and verdict, and permit the defendant to defend the action upon such terms as may be just.

ORTON, J., took no part.