Boutin vs. Catlin and others.

Boutin, Appellant, vs. Catlin and others, Respondents.

*December 19, 1898 — January 10, 1899.*

*Appeal: Vacating judgment by default: Discretion: Terms.*

| | |
|---|---|
| 101 | 545 |
| 112 | ¹350 |
| 101 | 545 |
| 113 | ¹258 |
| 101 | 545 |
| 115 | 399 |

1. The only question to be determined on appeal from an order vacating a judgment by default, under sec. 2832, Stats. 1898, is whether the court abused its discretion.
2. In an action by the holder of tax deeds to bar the former owners, it appeared that the land was worth more than ten times the amount necessary to redeem it from the tax sales; that the copy of the complaint served on the defendant was not signed or verified; that the defendant did not answer within the statutory time, claiming to rely upon an understanding with plaintiff's attorney that he might have further time; that judgment by default was taken twenty-three days after the time to answer had expired, without notice to defendant's attorney; and that eight days thereafter the defendant moved to vacate the same, tendering a verified answer setting up a complete defense, with an affidavit of merits. *Held,* that the court did not abuse its discretion in vacating such judgment.
3. Where the application to set aside a judgment by default was made at the same term at which the judgment was taken, the imposition of terms was not a condition precedent to the granting of the relief sought.
4. In such a case, it was not an abuse of discretion to impose as terms that the defendants file their answer and go to trial at the term of court then about to commence, without requiring them to pay costs.

Appeal from an order of the circuit court for Douglas county: A. J. Vinje, Circuit Judge. *Affirmed.*

For the appellant there were briefs by *A. B. Ross* and *H. V. Gard*, and oral argument by *Mr. Ross.*

For the respondents there was a brief by *Catlin, Butler & Lyons*, and oral argument by *Thos. E. Lyons.*

Cassoday, C. J. The plaintiff, claiming title to the land described under and by virtue of two tax deeds, both executed October 21, 1897, and recorded October 26, 1897,— the

Boutin vs. Catlin and others.

one issued upon the sale of 1893, and the other the sale of 1894,— commenced this action by the service of the summons and complaint on the defendant *Charles L. Catlin*, the ·owner of the land, and his wife, November 22, 1897, and upon the defendant bank, holding a mortgage thereon, December 7, 1897, to bar the defendants as such owners, under sec. 1197, R. S. 1878. On January 20, 1898, being an adjourned day of the November term of the court for 1897, judgment was entered therein by default. Thereupon, and on January 28, 1898, the defendant obtained an order on the plaintiff to show cause before the court at the then present term thereof, February 1, 1898, why such judgment should not be opened, vacated, and set aside, and the defendants allowed to file their proposed answer and defend the action, based upon the records in the action and such proposed answer and an affidavit of the defendant *Charles L. Catlin*.

From such affidavit and proposed answer it appears, in effect, that the copies of the complaint so served upon the defendants, respectively, were not either of them signed by any attorney, or verified, as appeared from an inspection of the copies thereto annexed and made a part thereof; that, at about the time of the commencement of this action, the plaintiff's attorney had commenced for the plaintiff and other clients a large number of similar actions for the foreclosure of divers tax deeds, against, among other defendants, divers clients of the firm of Catlin, Butler & Lyons; that there was a general agreement and understanding between them and the plaintiff's attorney that it would not be necessary for them to answer for such clients within the time limited by statute, but that, where desired, further time could be taken, and that judgment would not be taken by default in any case where they desired to defend; that in certain of such other cases the affiant was one of the defendants; that, about the time of the commencement of this action, the affiant informed the plaintiff's attorney that the plaintiff was not the

lawful owner of such certificates, and that affiant would have a full and complete defense to any action brought by him, and would resist and defend any action brought to foreclose such certificates, or any deed or deeds obtained thereon; that it was well understood between him and the plaintiff's attorney that the affiant would defend in this and all other actions affecting any of his properties; that, prior to the expiration of the time for answering in this action, the affiant prepared an answer herein for all of the defendants, with copies of the same to serve, and a copy of which is thereunto annexed and made a part thereof; that about that time, and prior to the expiration of the time for answering herein, the plaintiff's attorney left Superior for the Eastern states, and did not return until about January 17, 1898; that during his absence the affiant called at his office to make certain stipulations or arrangements in regard to certain of the tax-foreclosure cases mentioned, and was told by the person in charge that the plaintiff's attorney was absent, and that there was no one who could act for him, and that all matters appertaining to such suits would have to await his return, that nothing would be done in any of his cases during his absence; that, relying upon such statement and upon the general understanding mentioned that no judgments would be taken by default, and upon the understanding that the affiant would defend in all of the cases where his property was affected, the affiant awaited the return of the plaintiff's attorney to make service of the answer herein; that Tuesday, January 18, 1898, and immediately after his return, affiant went to his office, but was informed that he had just returned, and was changing his place of residence, and would not probably be in his office that day; that affiant was out of town on Wednesday; that on Thursday, January 20, 1898, judgment against the defendant by default was entered; that affiant had no notice or information thereof until after the entry

Boutin vs. Catlin and others.

thereof; that January 20, 1898, was an adjourned day of the November term; that the circuit judge, A. J. VINJE, was ·engaged at the time in the trial of a cause in the southern part of the state, and Judge HELMS was presiding in his place for the purpose of hearing the city injunction cases; that the affiant understood that Judge HELMS would hear no other cases or business, and that all other business of the court would await the return of Judge VINJE, and so did not attend court on that day; that the total amount necessary to redeem said real estate from the two pretended tax deeds mentioned was $375.90, which had been tendered to the county clerk in payment thereof prior to the commencement of the action and prior to the issue of the pretended tax deeds; that the value of the property was upward of $5,000; that such affidavit also contained an affidavit of merits.

Such proposed answer was duly verified, and alleged, by way of defense, some of the facts mentioned and others.    In opposition to such application, affidavits of four different persons were read, including one by the plaintiff's attorney, and another by the person who served the summons and complaint, and he admits that the copies of the complaint served by him were not signed, but that such failure to sign was an inadvertence and unknown by him at the time.

Upon the hearing of such motion, at an adjourned day of the November term of the court for 1897, held February 1, 1898, the court made an order reciting that, it appearing that the judgment was entered on the default of the defendants, and that such default was excusable, and that the judgment ought to be vacated and the defendants let in to answer and defend the action, therefore, it was ordered that the judgment and decree be, and the same was thereby, vacated and set aside, and the defendants given leave to answer within five days from the date thereof; and that as a condition thereof the action be placed upon the calendar

for the February, 1898, term of the court, commencing on the same day, and stand for trial at such February term. From that order the plaintiff brings this appeal.

Had the copies of the complaint served been signed by an attorney, the time for answering the same would have expired December 28, 1897. The judgment by default was entered more than twenty days after such time had so expired. The proposed answer was verified January 22, 1898. The application to open the 'default was made eight days after the judgment was entered, and during the same term of the court. It is conceded that the copies of the complaint served did not purport to be signed or verified. It is · difficult to believe that the defendants, as owners of the property, would knowingly suffer it to be taken by a tax-title claimant without making any resistance. Whether any statements were made in behalf of the plaintiff upon which the defendants had the right to rely, and whether the facts and circumstances were such as to justify the setting aside of the default, were questions properly addressed to the discretion of the trial court. The only question for this court to determine is whether, in making the order setting aside the default, that court abused such discretion. R. S. 1878, sec. 2832; *Hanson v. Michelson,* 19 Wis. 498; *Kennedy v. Waugh,* 23 Wis. 468; *Cleveland v. Hopkins,* 55 Wis. 387; *Whereatt v. Ellis,* 70 Wis. 215; *Behl v. Schuette,* 95 Wis. 443. Some of these cases go to the extent of holding that " such discretion must be a legal discretion, and where an application, made in time, presents a case within the statute, and is accompanied by a verified answer. alleging a good defense on the merits, it is a manifest abuse of discretion not to open the judgment upon reasonable terms." The answer abounds in denials, and alleges that the county never parted with the title to the tax certificates upon which such tax deeds were respectively issued, and that the defendant *Catlin* had tendered the redemption money, and numerous other allega-

tions. Of course, the validity of the tax deeds is not to be tried on affidavits. The case presented, under the rule stated, seems to have been sufficient to justify the court in setting aside the default and allowing the defendants to file their answer and go to trial at the term of the court then about to be commenced, as ordered.

True, the court did not require the defendants to pay costs; nevertheless, it was upon the terms mentioned, and which, under all the circumstances, the trial court manifestly regarded as just. To require the defendants to go to trial at the term commencing February 1, 1898, instead of allowing the case to go over to the June term of the court, may have been of far more importance to the plaintiff than the mere imposition of costs would have been. We are constrained to hold that the making of such order was not an abuse of discretion. Besides, the application to set aside the judgment was made promptly on ascertaining the fact, and at the same term of the court that it had been entered; and that was one of the things to be considered in deciding the motion. *Robbins v. Kountz*, 44 Wis. 561; *Landon v. Burke*, 33 Wis. 452.

What has thus been said is on the theory that the order setting aside the judgment, and allowing the defendants to answer and defend, was justified only under sec. 2832, R. S. 1878. But, as indicated, that order was made on an adjourned day of the same term of the court at which the judgment was entered, and hence the imposition of terms was not necessarily a condition precedent to the granting of the order. Of course, the discretion which a trial court has the right to exercise over verdicts and judgments entered at the same term must be a legal discretion; nevertheless, such discretion is very much greater when exercised at the same term than it would be if exercised at a subsequent term. *R—— v. R——*, 20 Wis. 331; *Stilson v. Rankin*, 40 Wis. 531. Thus, it has been held by this court that the

trial court may, on its own motion, modify or vacate an order or judgment during the same term at which it is entered. *Brown v. Brown*, 53 Wis. 29; *Hinman v. C. H. Hamilton P. Co.* 53 Wis. 169; 1 Freeman, Judgments, § 90; 1 Black, Judgments, § 305. Certainly there was no abuse of discretion in setting aside the judgment in the case at bar.

*By the Court.*— The order of the circuit court is affirmed.