GIESE, Administratrix, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*November 13—November 28, 1902.*

*Appeal and error: Supreme court: Practice: New trial: Discretionary orders: Presumptions: Special verdict: Street railways: Personal injuries: Negligence: Contributory negligence.*

1. Where it appears from the form of the order granting a new trial that alleged errors were not passed upon by the trial court, the supreme court will not pass upon them on appeal.
2. Where the court has granted a new trial on terms, and nothing appears in the record to the contrary, the fact that no ground is stated by the trial court for its ruling raises a presumption that it was granted in the exercise of the court's discretion because dissatisfied with the verdict.
3. In an action against a street railway for negligently killing plaintiff's intestate the evidence was such as would justify a finding of contributory negligence, and on that subject the special verdict contained inconsistent answers. *Held,* that there was no abuse of discretion in granting a new trial because of the unsatisfactory character of the verdict.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This is an action to recover damages for the alleged negligent killing of Ferdinand Giese on the 11th day of October, 1900, and is brought for the benefit of the appellant, his widow, and administratrix of his estate. The evidence showed that Giese at the time of the accident was forty-six years of age, a man of good health, whose business was that of teamster for a coal company; that the defendant operated a double-track electric street railway upon East Water street, in the city of Milwaukee; that said street ran in a general north and south direction, and was crossed by Huron street at right angles; that deceased on the afternoon of October 9, 1900, was driving a team of horses attached to a coal wagon containing a load, of about four and one half tons, eastward on Huron street, and approaching East Water street; that, at the junction of the two streets, Huron street descends towards the center of East Water street at the rate of four feet per hundred; that high business buildings occupied the corners of the intersection of the two streets; that, as Giese came out into East Water street with his team, an electric car belonging to defendant approached very rapidly from the south on the easterly track; that Giese apparently attempted to stop his team, and then to turn towards the north, but that he seemed unable to escape collision, and the car struck the south front wheel of the wagon, knocking the horses down, and pushing both horses and wagon nearly or quite thirty feet north, and inflicting injuries on Giese from which he died within forty-eight hours. A special verdict was returned by the jury as follows:

"1. Did plaintiff's intestate, Ferdinand Giese, on the afternoon of October 9, 1900, at the intersection of Huron and East Water streets, in the city of Milwaukee, Milwaukee county, Wisconsin, receive injuries in a collision between a coal wagon, drawn by a team of horses, which deceased was driving, and an electric street car belonging to and operated

by defendant, then and there running in a northerly direction upon said East Water street, from which injuries said Giese died October 11, 1900? *Answer by court.* Yes. 2. At the time and while approaching the place of accident, was defendant's car moving at an unreasonably dangerous rate of speed? *A.* Yes. 3. If you answer the preceding question 'Yes,' was such unreasonably dangerous rate of speed the proximate cause of the injury received by the deceased, which resulted in his death? *A.* Yes. 4. Could the deceased, in the exercise of ordinary care, situated as he was at the time he drove into East Water street, have seen the approaching car in time, with the exercise of ordinary care, to have avoided the accident? *A.* No. 5. Would a person of ordinary care, situated as Ferdinand Giese was, have foreseen, as a natural and probable result of driving into East Water street, at the time and place and in the manner in which said Giese drove, that a collision between the wagon and the car would result? *A.* No. 6. Was Ferdinand Giese guilty of a want of ordinary care which proximately contributed to the accident? *A.* Yes. 7. If the court should be of the opinion that plaintiff is entitled to recover, at what sum do you assess her damages? *A.* $2,800."

The plaintiff moved for judgment on the verdict as it was rendered, or, if that motion be denied, that the verdict be amended by substituting "No" for "Yes" in answer to the sixth question, and for judgment upon the verdict as so amended. The defendant also moved for judgment on the verdict, or, if that motion be denied, then for an order changing the answer to the fourth question from "No" to "Yes," and for judgment on the verdict as amended, or, if both of said motions be denied, then for an order setting aside the verdict and for a new trial on eight grounds, viz.: Because the court erred (1) in refusing to nonsuit the plaintiff; (2) in refusing to direct a verdict for defendant; (3) in admitting evidence; (4) in excluding evidence; (5) in its charge; (6) in refusing instructions requested by defendant; and (7) in refusing to submit questions requested by defendant; and (8) because the answers to the fourth and sixth

questions of the verdict are inconsistent.   The motions were argued together, and were all overruled, except the motion for a new trial, which was granted, without any cause being assigned, upon payment by defendant of the costs of the first trial.   From this order the plaintiff appeals.

*Joseph B. Doe,* for the appellant.

For the respondent there was a brief by *Spooner & Rosecrantz,* and oral argument by *C. P. Spooner.*

WINSLOW, J.   It is argued by appellant's counsel that there was no evidence to support the finding of contributory negligence, and that it was the duty of the court to change the answer of the sixth question from "Yes" to "No," and enter judgment for plaintiff.   On the other hand, the respondent attempts to justify the order for a new trial on the ground that numerous errors were committed by the court in its rulings during the trial.   It appears, however, by the form of the order granting a new trial, that these supposed errors were not passed upon by the court below in granting a new trial, and hence they will not be passed upon by this court upon appeal.

It is well settled that a court cannot be compelled to state the ground of its ruling in ordering a new trial, and that the fact that no ground is stated raises a presumption (nothing appearing in the record to the contrary) that the new trial is granted in the exercise of the court's discretion, because it disapproves of the verdict, either as against the weight of evidence, or perhaps as fatally inconsistent with itself, if it be special.   It is also well settled that in such case terms should be imposed, whereas, if the new trial be granted because the verdict be perverse or entirely unsupported by the evidence, or because of errors of the court, costs should not be imposed. *Schraer v. Stefan,* 80 Wis. 653, 50 N. W. 778; *Garny v. Katz,* 86 Wis. 321, 56 N. W. 912; *Mills v. Conley,* 110 Wis. 525, 86 N. W. 203.   So in the present case the form of the

order raises the presumption that the new trial was granted in the discretion of the court because it was dissatisfied with the verdict. This presumption is not overcome by anything appearing in the record, and, on the other hand, it is strengthened by the fact that costs were imposed upon the defendant as a condition of the new trial, which would have been error if the order were founded on errors of the court. Hence it must be treated simply as an order made in the exercise of the discretion of the court, because the court was dissatisfied with the verdict, which can only be reversed in case abuse of discretion is shown. Looking at the evidence presented in the bill of exceptions and at the verdict, we certainly cannot say that any abuse of discretion appears. On its face, the verdict is absolutely inconsistent, in that the answers to the fourth and fifth questions negative contributory negligence on the part of the deceased, while the answer to the sixth question directly finds him guilty of contributory negligence. Nor can we say, as argued by the appellant, that there is no evidence upon which an affirmative answer to the sixth question can be based. We do not say that the evidence proved him guilty of contributory negligence as matter of law, but simply that there was evidence for the jury on both sides of the question. For instance, one witness for the defendant, named Leisenfeldt, who was a passenger on the car, testified that he saw the team as it approached the crossing on the west side of East Water street; that the driver was facing northeast, and making no effort to stop his wagon; that he watched the team continuously; that he did not see the driver turn his face toward the car till his horses got on the west rails of the street car track; and that he made no effort to stop his horses before that time. There is other evidence of similar nature, though not so positive. It is true, there is evidence tending to show that the deceased looked to the south, and attempted to stop his team earlier than the witness Leisenfeldt testifies, and that the horses seemed to be unable to hold back the loaded wagon on

account of the grade; but, taken all together, the evidence is not such that it could be said that it was all one way, or that there was no evidence to justify the answer to the sixth question, or that the trial court abused its discretion in granting a new trial because of the unsatisfactory character of the verdict.

*By the Court.*—Order affirmed.