Smith, Respondent, vs. Milwaukee Electric Railway & Light Company, Appellant.

*September 30—October 20, 1903.*

(1) *Street railways: Injury to passenger: Proof of specific negligence: Court and jury.* (2) *Judgments: Vacation at same term.*

1. In an action against a street railway company for injuries sustained by reason of the derailment of the car in which plaintiff was riding, evidence proving or tending to prove that at

the place in question there was a curve in the track; that crushed stone had been deposited by defendant along and upon the rails; and that the car was being run at a speed of from twelve to twenty miles an hour, regardless of those conditions and in violation of a city ordinance,—is *held* sufficient to make it a question for the jury whether the accident was caused by defendant's negligence in running the car at such speed and in permitting the track to be in such faulty condition.

2. The circuit court has power, with or without a motion, to vacate, at any time during the same term, any order or judgment entered through mistake, inadvertence, or want of proper deliberation, even though such order or judgment is the result· of a series of erroneous rulings; as, for instance, where the judgment to be vacated was entered pursuant to an order granting a nonsuit and a subsequent order denying a motion to vacate such nonsuit and for a new trial.

APPEAL from an order of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Affirmed.*

Action to recover for injuries received by plaintiff by the derailment of one of defendant's cars while she was a passenger thereon. The negligence complained of was running the car at a speed of eighteen to twenty miles an hour contrary to the ordinance of the city regulating the movement of cars, where the track was in a defective condition in that foreign material had been allowed by defendant to accumulate thereon and on the right of way. It was alleged that,

"The careless and negligent manner in which the car was run, namely, at its high and unlawful rate of speed, and the failure of the said company to maintain its equipment in a safe and prudent manner, were the proximate causes of said plaintiff's injury."

The defendant answered admitting that its car was derailed at the time alleged in the complaint, and that plaintiff was a passenger thereon, and alleged that the derailment was caused by the malicious and wanton obstruction of its track by persons not in its employ or in any manner connected with the

defendant and for whose conduct it was in no sense answerable.

There was evidence proving or tending to prove that plaintiff was injured by the derailment of the car; that at the time thereof the car was going at a speed of from twelve to twenty miles an hour and faster than the ordinance of the city permitted; that a large amount of crushed stone had been deposited by defendant between, along, and upon its tracks, and that there was a curve in the track where the car left the same. There was no other proof of how the accident was produced.

At the close of plaintiff's case a motion for nonsuit was granted. Subsequently plaintiff moved the court to vacate the nonsuit and for a new trial, which, after due deliberation, was denied. Judgment was rendered accordingly. Thereafter, before the close of the term, without notice to the parties or their attorneys, the judgment and the previous orders were vacated and a new trial granted. Defendant appealed.

For the appellant there was a brief by *Kearney, Thompson & Myers,* attorneys, and *Spooner & Rosecrantz,* of counsel, and oral argument by *Clarke M. Rosecrantz.*

For the respondent there was a brief by *John W. Owen,* attorney, and *Wallace Ingalls,* of counsel, and oral argument by *Mr. Ingalls.*

MARSHALL, J. The first proposition of appellant's counsel is stated by them thus:

"The nonsuit was not erroneous, the plaintiff having alleged specific negligence as the cause of the accident, was bound to show such negligence, and that the accident was caused thereby. This she failed to do."

From the argument of this branch of the case we gather the idea that counsel supposed that to warrant the jury in finding that the negligence complained of caused the derailment of

the car they must have some direct evidence on the subject; that otherwise they would be left to conjecture merely. There is probably no principle better understood than that issuable facts can be established by indirect as well as by direct evidence. If the circumstances of the accident in this case, as the jury had a right from the evidence to believe them to be, were such as to raise a reasonable inference that the derailment of the car was caused by the way it was operated, combined with the faulty condition of the track alleged, then a fair jury question in regard to the matter was presented. Now, notwithstanding the argument of counsel and the evident uncertainty the trial judge labored under on the subject, it seems that the evidence tended strongly to prove the acts of negligence alleged, and that they caused the derailment of the car. Such evidence was to the effect that where the accident occurred there was a curve in the track; that there was crushed rock upon the rails; and that the motorman operated the car at a speed of from twelve to twenty miles per hour regardless of those conditions. One, it seems, has but to apply common understanding to such a situation—a jury must necessarily be allowed to do that—to see that the derailment of the car was probably caused by its being run too fast in view of the curve in the track and the presence upon the rails of crushed rock, and that the motorman in charge of the car might well have expected, had he given any thought to the matter, that the car might go off the track as it did. It follows that the nonsuit was improperly granted, and that if the court had power to vacate it on its own motion, and grant a new trial, appellant has no good ground for complaint.

It is insisted that the rule that a court of record has control over its judgments and orders during the term in which they are rendered and may, with or without a motion therefor, vacate any such order or judgment if justice seems to require it, should not be extended to a judgment or order deliberately entered affirming a prior decision made during the term. If

Smith v. Milwaukee E. R. & L. Co. 119 Wis. 336.

there is any such limitation upon the rule we are not familiar with it. Counsel has not produced any authority that there is. This court, in common with others, has declared in the broadest language that a court possesses inherent authority to set aside any judgment or order entered by it through mistake, inadvertence, or want of proper deliberation at any time during the term, and need not wait to have such power put in motion by the request of an interested party before acting. *Brown v. Brown,* 53 Wis. 29, 9 N. W. 790; *Hansen v. Fish,* 27 Wis. 535. In the last case cited the court said: "There can be no doubt of the power of the court to set aside a judgment inadvertently ordered, at the same term at which the judgment was entered," and "that the court may exercise that power on its own motion." It would be a violent infraction of that to hold that if a judge erroneously enters an order through mistake, inadvertence, or want of proper deliberation, and follows it by a second order affirming the first, thereby repeating the error through want of proper consideration of the subject, he is then powerless to correct the mistake, however apparent the same may be. The full scope of the rule was indicated in *Brown v. Brown,* where it was said that, in the interests of justice, the judge should be allowed to vacate any order made by him through mistake, inadvertence, or want of deliberation, at any time during the term in which the error is committed. Obviously, it can make no difference with the application of that principle that the mistake to be corrected is the final one in a series of erroneous rulings.

*By the Court.*—The order is affirmed.