FROST and another, Appellants, vs. MEYER, Respondent.

*November 28—December 15, 1908.*

*Ejectment: Statutory second trial: Terms of court: Vacating judgments: New trial: Notice: Necessity: Judgments: Amendment after expiration of term: Appeal and error: Failure to impose terms on granting new trial: Presumptions.*

1. The ordinary motion to vacate a judgment and for a new trial during the term on account of error committed on the trial applies as well in actions of ejectment as in other actions, and hence the second or new trial provided by sec. 3092, Stats. (1898), is not exclusive.

2. Under sec. 2424, Stats. (1898), as amended by ch. 6, Laws of 1905 (providing that each term of the circuit court shall not end until the beginning of the next succeeding term, unless an express order for final adjournment be made and entered before the commencement of the next succeeding term in the same county), where the June term in I. county was succeeded by a term commencing the first Wednesday in November, and the September term in A. county was succeeded by a term commencing the second Monday in April, and the September term in A. county was also a special term for I. county, an order entered in A. county on October 16, vacating a judgment entered in I. county in the preceding August, is *held* to have

been an order made at the same term at which judgment was entered.

3. The mere fact that such order was filed with the clerk after the expiration of the term did not make it an order after the term.

4. In such case a recital in the order that it was made at a general term for A. county, which was a special term for I. county "begun and held on the 16th day of October," is *held* to have had reference to the time the order was made and not to the time of the commencement of the term.

5. Where a motion for a new trial has been made at the same term and before the entry of judgment, it is within the power of the court to vacate and set aside the judgment and grant a new trial without notice.

6. A court at a subsequent term may correct a judgment or order on account of a clerical error or mistake in matter of form in the entry.

7. Where it appears from the record upon which a motion for a new trial is based that the court might have ordered a new trial on account of errors not requiring the imposition of terms, it is presumed that it was granted for such errors.

8. Where a new trial is granted without costs and no grounds are stated in the order, the presumption is, nothing appearing in the record to the contrary, that it was granted for errors not requiring the imposition of terms.

9. In so far as former decisions of the supreme court are in conflict with the foregoing rule they must be regarded as overruled.

APPEAL from orders of the circuit court for Iron county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This is an action of ejectment brought by the plaintiffs, original owners, against the defendant, claimant under a tax title. The action was tried in the circuit court for Iron county and resulted in a verdict for the plaintiffs. After verdict and on July 1, 1905, the court signed a conditional order requiring the plaintiffs to pay the amount of taxes paid by the defendant, with interest, within ninety days. July 29, 1905, plaintiffs tendered the amount of taxes, which tender was refused, and on July 31st the money was paid into court for the defendant. On August 16, 1905, notice of taxation of costs was waived by defendant's attorney and the amount stipulated. On August 17,

1905, one of the plaintiffs received by mail a copy of motion for a new trial, and on August 18, 1905, judgment for plaintiffs was entered by the clerk. On September 1, 1905, notice of entry of judgment was served upon the defendant's attorney. On October 16, 1905, the court made an order vacating and setting aside the judgment without terms. On October 17, 1905, a stipulation was made between plaintiffs and defendant extending the time to November 30th to file bill of exceptions. On November 10, 1905, the order vacating the judgment was filed. On December 28, 1906, the order vacating the judgment was amended by adding "and a new trial is granted herein." The motion for a new trial was based upon the following grounds: .

"(1) Because the court erred in denying the defendant's request that the jury be instructed to find for the defendant. (2) Because the court erred in admitting evidence offered by the plaintiffs against the objection of the defendant as follows, to wit: (a) In admitting the record of a deed from Mitchell Iron & Land Company to Frank Billings, recorded in volume 3 of Iron County Records, p. 439. (b) In admitting the record of a deed from Frank Billings and wife to Mitchell Land Company, recorded in volume 3, Iron County Records, p. 443. (c) In admitting the plaintiffs' evidence of after-acquired title. (3) Because the court erred in refusing to allow the defendant to prove a tax deed from Iron county and state of Wisconsin to the Northern Wisconsin Land Company, and subsequent deed conveying said title acquired under said tax deed to this defendant. (4) Because the court erred in instructing the jury to find for the plaintiffs. To all of which rulings due exceptions were taken and noted in the minutes. (5) Because the verdict is contrary to law. (6) Because the verdict is contrary to evidence."

An order was also made denying plaintiffs' motion to vacate the order setting aside the judgment. Plaintiffs have appealed from the order vacating the judgment and from the order denying motion to vacate the order setting aside the judgment.

For the appellants there was a brief by *K. K. Kennan, in pro. per.,* and *Robert L. Frost,* of counsel, and a supplemental brief by *Robert L. Frost* and *John A. McCormick,* counsel; and the cause was argued orally by *Mr. Kennan* and *Mr. McCormick.*

For the respondent there was a brief by *Paul H. Sanborn* and *H. B. Walmsley,* and oral argument by *Mr. Walmsley.*

KERWIN, J.    It is insisted on the part of the appellants that, this being an action in ejectment, the court had no jurisdiction to vacate the judgment and grant a new trial, except upon condition that the costs be paid and an undertaking filed as provided in sec. 3092, Stats. (1898), and the conditions of said section have not been complied with.    As we understand appellants' contention, it is claimed that the new trial provided for in sec. 3092, Stats. (1898), is exclusive, and that the court had no power to vacate the judgment and grant a new trial otherwise than in accordance with the provisions of this section.    We do not so understand the statute.    The ordinary motion for a new trial and to vacate the judgment during the term for the purpose of granting a new trial on account of error committed on the trial applies as well in actions of ejectment as other actions. *People ex rel. Gilman v. Wayne Circuit Judge,* 21 Mich. 372.    The cases cited by counsel for appellants upon this proposition have reference to new trials granted under the provisions of sec. 3092, Stats. (1898), therefore are not applicable to the case of a new trial granted under the general provisions of law respecting new trials.

But it is contended that the order vacating the judgment was not made at the same term.    It appears from the record that this order was made on the 16th day of October, 1905, at the general term of the Ashland county circuit court, which was a special term for the circuit court for Iron county.    There can be no doubt but that the order of Oc-

tober 16, 1905, was made at the same term at which the judgment was entered. Judgment was entered by the clerk on the 18th day of August, 1905. The terms of court for Iron county at the time in question commenced on the second Monday in June and the first Wednesday in November, and the terms of court for Ashland county commenced on the second Monday in April and the third Monday in September. Under the statute each term of court shall not end until the beginning of the succeeding term, unless an express order for final adjournment be made and entered before the commencement of the next succeeding term in the same county. Sec. 2424, Stats. (1898), as amended by Laws of 1905, ch. 6, sec. 6, p. 12. It does not appear from the record that the Iron county circuit court term beginning on the second Monday in June had been adjourned and the Ashland county term beginning on the second Monday in April was in session and a special term for Iron county circuit court on the 16th day of October, 1905, when the order was made, the Iron county term at which the judgment was entered not expiring until the first Wednesday in November, a later date than October 16th. So it is clear from the record that the order was made at the same term at which judgment was entered. The mere fact that the order was filed with the clerk November 10th, after the expiration of the term, did not make it an order after the term. When the order was signed on the 16th day of October it then became the order of the court. It is argued by counsel for appellants that because the order recites that it was made at the general term of the circuit court for Ashland county, which was a special term for Iron county "begun and held on the 16th day of October, 1905," and the term not commencing on the 16th day of October, this recital shows or tends to show that the order was not made at the same term. It is very obvious from the whole record that the recital simply had reference to the time when the order was made and not to the time of the commencement of the term, and

that the order was in fact made on the 16th day of October at a general term of the Ashland county circuit court. *Emerson v. Huss,* 127 Wis. 215, 106 N. W. 518, is relied upon by the appellants as authority for their position, and counsel for respondent appears to concede that it is authority but insists that it ought not to be followed. We do not find it necessary to review the decision in *Emerson v. Huss,* because the case at bar is clearly distinguishable. The terms of Iron county and Ashland county were current when the order vacating the judgment was made, as we have heretofore shown, while in *Emerson v. Huss* an order was made in Taylor county in an action commenced in Price county, and after the expiration of the term in Taylor county the order made in the latter county was reviewed in Ashland county. So it will be seen that the general term of Taylor county, which was a special term for Price county, had expired when the order was reviewed in Ashland county. Without going into a discussion of the merits of the decision in *Emerson v. Huss,* we think it clear that in the case before us the order of October 16th was made at the same term that the judgment was entered.

It is further contended that the order vacating the judgment and granting a new trial could not be made except upon notice. It appears from the record that the motion for a new trial was made before judgment was entered and no notice of motion for a new trial was necessary. *Hansen v. Fish,* 27 Wis. 535. The motion for a new trial having been made at the same term and before entry of judgment, it was clearly within the power of the court to vacate and set aside the judgment and grant a new trial without notice. *Brown v. Brown,* 53 Wis. 29, 9 N. W. 790; *Servatius v. Pickel,* 30 Wis. 507; *Ætna L. Ins. Co. v. McCormick,* 20 Wis. 265; *Smith v. Milwaukee E. R. & L. Co.* 119 Wis. 336, 96 N. W. 823; *Hansen v. Fish, supra.* We are cited by counsel for appellants to *Wheeler v. Russell,* 93 Wis. 135,

67 N. W. 43, and *Bailey v. Costello,* 94 Wis. 87, 68 N. W. 663. But it will be seen that *Wheeler v. Russell, supra,* turns upon the fact that there was no motion to set aside the judgment, but simply for a new trial, while in the case before us the records show that there was not only a motion for a new trial which was made before entry of judgment, but the order also recited that a motion to set aside the judgment was made. So in effect the motion for a new trial in the case before us was supplemented by a motion to set aside the judgment. *Bailey v. Costello, supra,* is a case in which the motion for new trial was made after judgment.

It is further insisted that the amendment to the order made on the 16th day of October, 1905, which amendment was made December 28, 1906, and after the expiration of the term, was error because the court had no power to change the order after the term. It is well settled that the court at a subsequent term may correct a judgment or order on account of clerical error or mistake in matter of form in the entry of an order or judgment. *Ætna L. Ins. Co. v. Mc-Cormick,* 20 Wis. 265; *Packard v. Kinzie Ave. H. Co.* 105 Wis. 323, 325, 81 N. W. 488, and cases there cited. It is obvious from the record in this case that the omission of the words from the original order, embraced in the amendment, was a mere mistake, inadvertence, or clerical error. This appears from the amendment itself, which states that they were omitted from the order by inadvertence, as well as from the whole record.

It is argued that the court erred in not imposing costs as a condition of a new trial, on the ground that; no reason for granting a new trial being stated in the order and the reason not appearing, the court should have imposed costs of the former trial as a condition, and the following cases are cited in support of this contention: *Schraer v. Stefan,* 80 Wis. 653, 50 N. W. 778; *Garny v. Katz,* 86 Wis. 321, 56 N. W. 912; *Cameron v. Mount,* 86 Wis. 477, 56 N. W. 1094.

It is true that the above cases cited appear to support the contention of the appellants.    But it will be found that later cases in this court hold a different doctrine, notably *Second Nat. Bank v. Smith,* 118 Wis. 18, 94 N. W. 664; *Wolfgram v. Schoepke,* 123 Wis. 19, 23, 100 N. W. 1054; *Giese v. Milwaukee E. R. & L. Co.* 116 Wis. 66, 69, 92 N. W. 356. In *Second Nat. Bank v. Smith, supra,* at p. 24, the court in referring to this subject said:

"When such a motion is granted without the assignment of reasons, as here, the presumption is that it was granted for error of the jury, or because the court was dissatisfied with the verdict, as being inconsistent or against the weight of the evidence, if terms be imposed; but, if terms be not imposed, then the presumption is that it was granted because of errors of the court, or because the court regarded the verdict perverse.    *Giese v. Milwaukee E. R. & L. Co.* 116 Wis. 66, 92 N. W. 357."

This doctrine seems to be the reasonable and logical one and is supported by the authorities holding that the presumption is in favor of lawful action of the court, and where it appears from the record upon which the motion for a new trial is based that the court might have ordered a new trial on account of errors not requiring the imposition of terms, as for example for errors of the court or because the court regarded the verdict perverse, it must be presumed that it was granted for errors not requiring the imposition of terms.    So we hold that, the new trial being granted without costs and no grounds being stated in the order, the presumption is, nothing appearing in the record to the contrary, that it was granted for errors not requiring the imposition of terms.    In so far as former decisions in this court are in conflict with the foregoing rule they must be regarded as overruled.    It follows from what has been said that the orders appealed from must be affirmed.

*By the Court.*—So ordered.