SAWICKI, Appellant, vs. WULFF, Respondent.

*May 1—May 27, 1919.*

*Judgment: Opening default: Excuse: Inadvertence of counsel: Appeal: Review.*

1. The vacation of a default judgment during the term of its rendition is peculiarly within the control of the trial court, and its ruling cannot be disturbed except for an abuse of discretion.

2. Where it appears from defendant's affidavit that she supposed her attorney would appear and protect her interest, but that inadvertently he failed to do so, and that she is advised by her attorney, after a full statement of the facts to him, that she has a valid defense to the action as set out in the verified answer, the court did not abuse its discretion in opening the default during the term.

APPEAL from an order of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge.   *Affirmed.*

Action begun February 9, 1918, to recover damages for unlawful detainer.   The summons and complaint were personally served upon the defendant, but she did not appear in the action, and on May 6, 1918, judgment for $1,800 (treble damages) and costs was entered against her.   Thereafter she moved to set aside the judgment on the ground that there had been no service of process sufficient to give the court jurisdiction of defendant.   This motion was denied by the court on August 12, 1918.   She then moved upon affidavits that the judgment be set aside and she be permitted to come in and defend.   This motion the court granted August 20, 1918, and entered an order accordingly.   The order required her to pay the costs of entering the judgment and all subsequent costs, and that the judgment should stand as security for plaintiff's claim unless defendant gave a surety company's bond in the sum of $2,500 conditioned that defendant pay to plaintiff any judgment and costs that may be adjudged against her in the action, and that the case should stand for trial at the then present term without further notice.   From such order the plaintiff appealed.

*Frank S. Symmonds* and *Robert V. Baker,* both of Kenosha, for the appellant.

For the respondent there was a brief by *George W. Taylor* of Kenosha, attorney, and *Alexander H. Heyman* of Chicago, of counsel, and oral argument by *Mr. Taylor.*

VINJE, J.   The judgment was vacated during the term of its rendition and was therefore peculiarly within the control of the trial court.   *Hansen v. Fish,* 27 Wis. 535; *Servatius v. Pickel,* 30 Wis. 507; *Brown v. Brown,* 53 Wis. 29, 9 N. W. 790; *Boutin v. Catlin,* 101 Wis. 545, 77 N. W. 910; *Smith v. Milwaukee E. R. & L. Co.* 119 Wis. 336, 96 N. W. 823; *Frost v. Meyer,* 137 Wis. 255, 118 N. W. 811; *Weber v. Weber,* 153 Wis. 132, 140 N. W. 1052.   Its ruling cannot be disturbed except for an abuse of discretion, and that is

the only question raised by the appeal.   *Boutin v. Catlin,* 101 Wis. 545, 77 N. W. 910.

It is apparent from the recitals in the order that the court vacated the judgment because it appeared that justice had not been done, and could not be done without a full hearing and trial.   Such conclusion was reached from a full consideration of all the affidavits filed and the proposed verified answer.   From the affidavit of the defendant it appears, among other things, that she did not know that any judgment had been entered against her till some time after it was entered and that she took timely steps to have it set aside; that she was informed by her attorney that another action might follow the action of unlawful detainer, but if so she supposed her attorney would appear and protect her interest, but that inadvertently he failed to do so, and that she is advised by her attorney, after a full statement of the facts to him, that she has a valid defense to the action, as set out in the verified answer.

Upon such a showing and under such circumstances we cannot say that the trial court abused its discretion in opening the default.   On the contrary, its action was in furtherance of substantial justice.

*By the Court.*—Order affirmed.