PEOPLE's TRUST &·SAVINGS BANK, Appellant, vs. WASSER-STEEN, Respondent.

*November 9—December 7, 1937.*

250

252

Lynn D. Jaseph of Green Bay, for the appellant.

For the respondent there was a brief by *Silverwood & Fontaine* of Green Bay, and oral argument by *A. B. Fontaine*.

ROSENBERRY, C. J. Upon this appeal it is the contention of the plaintiff that the court erred in holding that the guar-

anty did not set forth the entire agreement and in reforming the guaranty, and in adjudging that the failure of the bank to make loans to the defendant was ground for invalidating the contract of guaranty. It appears without dispute from the evidence that the defendant was without business experience; that such action as she took with reference to her husband's business and the payment of his debts was at the earnest solicitation of the bank. It further appears that she was wholly without financial resources to continue her husband's business if it was turned over to her unless aided in that regard by loans from the bank. It is quite clear from the evidence that the bank was strongly motivated by a desire to secure the liquidation of the $8,300 note owed to it by Al. Wassersteen. The evidence amply sustains a finding that the bank promised to finance the defendant in the operation of the business after it was turned over to her. However, we search the record in vain for any evidence showing that the contract of guaranty was not exactly what the parties supposed it to be. The defendant heard it dictated and heard it read. We fail, therefore, to find any ground upon which it can be held that that instrument should be reformed. It is, however, equally clear that the bank promised to finance the defendant in the operation of the business she was to acquire in the course of the transaction. It is equally clear that the entire transaction was dependent upon the performance of that promise. It would have been a futile thing, so far as the defendant was concerned, to enter into the transaction unless she was to be financed by the bank. Her signature was procured upon the making of that promise. Unless the bank was to finance the defendant there would have been no purpose served by the contract of guaranty, except to include therein the debt owed by Al. Wassersteen.

The performance by the defendant of her part of the agreement was dependent upon the performance by the bank of its part of the agreement. The bank having breached its promise to loan money to the defendant to enable her to carry

on the business, the defendant was excused from further performance of the contract. Up to that point she had received nothing by way of performance on the part of the bank for which she had not given a full consideration. Upon the acquirement of the business of Al. Wassersteen the bank had made a profit, certainly had suffered no detriment. The failure to perform on the part of the bank under the circumstances of this case was a material breach of the contract. Restatement, Contracts, § 275. There being on the part of the bank a material breach of its promise, the defendant was under no duty to perform in accordance with the terms of the guaranty. Restatement, Contracts, § 274. The defendant upon being advised of the failure or refusal of the bank to perform its promise thereupon immediately repudiated the contract and notified the bank of her intention so to do. The fact that the contract between defendant and the bank consisted of two parts, and was partly oral and partly written, does not prevent the operation of these rules of law. 3 Williston, Contracts (Rev. ed.), § 840.

The establishment by oral testimony of the independent agreement made by the bank to loan $15,000 to the defendant, including the $8,300 borrowed by Al. Wassersteen, does not offend the rule that a written instrument cannot be varied or contradicted by oral evidence. By the terms of the guaranty in question, the bank did not agree to loan the defendant anything. By that instrument she agreed that if the bank made loans as therein specified, she would pay and discharge the same; hence there was no contradiction of the terms of the guaranty. The promise of the bank to make the loan was not inconsistent with the written instrument.

We deem it unnecessary to discuss the contention made with respect to fraud claimed to have been practiced by the bank upon the defendant. If there was any fraud, it arose from the fact that the bank when it promised to make the loans to defendant had no intention of making the loans.

That question, however, is not presented by the pleadings nor litigated upon the trial. We can find no evidence that sustains the position of the defendant that she did not fully understand the contents of the contract of guaranty which she signed.

After entry of the judgment, the defendant moved to set aside the findings and judgment, and to be permitted to introduce additional evidence. The court granted the motion and took additional testimony. This was a matter well within the discretion of the trial court, and we discover no basis upon which the granting of the motion could be held to be an abuse of discretion. *Boutin v. Catlin* (1899), 101 Wis. 545, 77 N. W. 910. In any event, the evidence offered and received after the vacation of the judgment was not material upon the issues decisive of the case.

*By the Court.*—Judgment affirmed.