WEBER, Appellant, vs. WEBER, Respondent.
SAME, Respondent, vs. SAME, Appellant.

*March 12—April 8, 1913.*

*Judgment: Modification: Divorce: Alimony: Misconduct of wife after judgment: Final division of property: Requiring payment of arrears of alimony.*

1. A circuit court has full control of its judgments (including judgments for divorce) during the term within which they are rendered, and may vacate or modify the same at any time during the term, with or without a motion therefor by the parties thereto or those affected thereby.
2. Misconduct of the wife occurring subsequent to the entry of the final judgment of divorce may be a sufficient ground for modifying the allowance of alimony.
3. Upon evidence in this case showing such misconduct of the wife and satisfying the court that she evinced a permanent disposition to err, a modification of the judgment so as to provide for a final division of the property, instead of alimony, was proper.
4. Where such modification of the judgment was made by the trial court upon the basis that alimony for three months, then in arrears, should be paid by the husband in addition to the sum he was required to pay in the division of his property, a subsequent order requiring payment of such past-due alimony was proper.

APPEALS from a judgment and an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

On the 17th of December, 1910, plaintiff obtained an interlocutory decree of divorce against the defendant on the ground of cruel and inhuman treatment. The decree awarded plaintiff alimony in the sum of $50 per month payable on the first day thereof. Before final judgment was entered upon the interlocutory decree the defendant, on January 10, 1912, obtained an order to show cause why the provision of the decree relating to alimony should not be stricken out because of alleged misconduct of the plaintiff since the entry thereof.

After a hearing upon this motion, at which testimony was taken and affidavits were presented, the provision was allowed to stand, and a final judgment in accordance with the terms of the interlocutory decree was entered on February 19, 1912. On the 12th day of March, 1912, the defendant obtained another order to show cause why the same relief should not be granted on the ground of misconduct of plaintiff after the entry of the final judgment. Plaintiff objected to the hearing of the last motion on the ground that the facts alleged in support thereof were not sufficient to warrant or authorize a modification either of the interlocutory decree or final judgment. The objection was overruled, and after a hearing, at which testimony was taken and affidavits were presented, an order amending the interlocutory decree and final judgment was entered, and additional findings of fact were filed on May 2, 1912, wherein the court found that plaintiff had sexual intercourse with one Donald since the entry of the final decree on February 19th, and that she was a woman of bad character, and ordered that she be given the sum of $600 as a full and final division and distribution of the estate of the defendant, both real and personal, in lieu of all alimony. The January, 1912, term was by special order pursuant to sec. 2424, Stats., continued as to this case up to and including the 4th day of May, 1912. On the 2d of May, 1912, a final judgment in accordance with the order that day filed was entered, from which the plaintiff appealed.

On the 21st day of May, 1912, and at a subsequent term, plaintiff applied for an order requiring the defendant to pay the alimony of $50 per month for the months of March, April, and May, 1912, which was in arrears, and on the 1st day of June, 1912, the court entered an order directing the defendant to pay to the plaintiff the sum of $150 claimed to be due under the order of the 19th of February, 1912, for alimony for March, April, and May. From this order, after judgment, the defendant appealed.

For the plaintiff there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Louis B. Montfort,* of counsel, and oral argument by *Mr. Montfort.*

For the defendant there were briefs by *Stover & Stover,* and oral argument by *John S. Stover.*

VINJE, J.   Upon the plaintiff's appeal it is claimed the court erred in entertaining a motion for the alteration of the decree of February 19, 1912, and in modifying the same by terminating alimony and making a final division of property between the parties.   A sufficient answer to this claim is that the modification of the judgment was made within the term at which it was rendered.   The record shows that the January, 1912, term was by special order, pursuant to sec. 2424, Stats., as to this matter adjourned till May 4, 1912, and that the modification was made May 2, 1912.   It is well settled that a circuit court has full control over its judgments during the term within which they are rendered, and may vacate or modify the same at any time during the term with or without a motion therefor by the parties thereto or those affected thereby.   *Hansen v. Fish,* 27 Wis. 535; *Smith v. Milwaukee E. R. & L. Co.* 119 Wis. 336, 96 N. W. 823; *Frost v. Meyer,* 137 Wis. 255, 118 N. W. 811; 1 Freeman, Judgments (4th ed.) § 90; 1 Black, Judgments (2d ed.) § 305. A judgment for divorce comes within this rule.   *R—— v. R——,* 20 Wis. 331; *Brown v. Brown,* 53 Wis. 29, 9 N. W. 790.   But it is not necessary to base the court's decision upon such a narrow ground, and it is deemed best to meet the claim of plaintiff's counsel that misconduct of the wife occurring subsequent to the entry of the final decree of divorce is no ground for modifying the allowance of alimony.   To this point they cite *Holt v. Holt,* L. R. 1 Prob. & Div. 610; *Forrest v. Forrest,* 3 Bosw. 661, 671; *Flood v. Flood,* 5 Bush, 169; *Cross v. Cross,* 63 N. H. 444; *Stanfield v. Stanfield,* 22 Okla. 574, 98 Pac. 334; *Cole v. Cole,* 142 Ill. 19, 31 N. E. 109; *Cariens v. Cariens,* 50 W. Va. 113, 40 S. E. 335.

In *Holt v. Holt, supra,* it was held that the divorced wife was not entitled to alimony while she was living with another man as his wife and supported by him. The court said:

"The husband ought not to be called on to pay alimony for the time during which the wife had other means of support. It is immaterial, as far as this question is concerned, whether the respondent was living in adultery. The ground upon which the court proceeds is, that she was living in such a manner that she had means of support independent of her husband."

The case of *Forrest v. Forrest, supra,* decided in the superior court of New York in 1859 by four justices, sustains the point to which it is cited, though it should be noted that PIERREPONT, J., dissented from that part of the opinion which held that in fixing the amount of alimony the immorality and bad conduct of the wife, after the decree of divorce is pronounced and before the amount of permanent alimony is fixed, cannot be considered by the court.

In *Flood v. Flood,* 5 Bush, 169, a perpetual divorce from bed and board was granted to the parties, and by mutual arrangement a certain amount of property was conveyed by the husband to trustees to hold the same in trust for the use of the wife and the two children of the parties. Atferwards the wife assumed to marry one Armitage and lived with him as his wife, whereupon the first husband secured an absolute divorce from the bonds of matrimony, and subsequently brought an action to secure a reconveyance to him of the property conveyed to the trustees. The court refused to compel a reconveyance, saying:

"No doubt the Louisville chancery court properly adjudged a dissolution of the marital relations, and restored to him the custody of his children, and adjudged to him all property which she had received from him by reason of the marriage, or in consideration thereof; but it did not, nor could, adjudge to him the rights of property which had been conveyed and secured to her use for life, as a support in place of alimony."

In *Cross v. Cross,* 63 N. H. 444, the court said:

"There is no question as to the power to grant alimony in this case. Upon proper application and notice, the court may revise and modify any order made, and make such new orders as may be necessary respecting alimony. . . . Adultery committed by the plaintiff before or after the decree of divorce is not, as matter of law, a bar to this petition. The plaintiff may have earned the property, and justice may require a division of it, although both parties are corrupt. Whether the plaintiff is entitled to alimony is a question of fact."

In *Stanfield v. Stanfield,* 22 Okla. 574, 98 Pac. 334, it was held that a decree of divorce adjudging alimony to the wife in accordance with an agreement of the parties, unaffected by fraud or mistake, was not subject to modification upon motion filed by the former husband after the term at which the original decree was made. As incidental to that ruling the court said:

"After the divorce the parties go into the world as strangers to each other, and generally even the adultery of the wife, except possibly under special conditions not involved in this case, will not relieve the husband of the payment of alimony in accordance with the decree."

In *Cole v. Cole,* 142 Ill. 19, 31 N. E. 109, the court refused to reduce the allowance of alimony because of the subsequent misconduct of the wife, where it was not shown that the payments were to be made out of the earnings of the husband or that the property did not come originally from the wife or was not the result of their joint accumulations, and where it was not shown that her wrong doing may not have been the result of his prior failure to pay instalments of alimony as they became due. The court after reviewing the authorities says:

"Cases may be found, and others will arise in practice, where it may be highly unjust and inequitable that the husband should continue to support the wife. It is within the power of the court to compel the payment of alimony out of

the future earnings of the husband, whether the labor be manual or mental, and it might be, under these circumstances, unconscionable to compel the husband by his daily labor to support the divorced wife in idleness and prostitution.  Not only reasons of justice, but authority, would seem to justify the court in such a case, in the exercise of its general chancery powers, to modify or revoke its former order.  But there is no such case made by this petition."

In *Cariens v. Cariens,* 50 W. Va. 113, 40 S. E. 335, it was held that under a decree of divorce *a mensa et thoro* the husband might be discharged from the payment of alimony by the subsequent misconduct of the wife, and in the opinion it was stated:

"When a decree of absolute divorce gives alimony, the subsequent sexual intercourse by the late wife with other men is no ground for discharging the man from such alimony, because after such decree the woman is no longer free, no longer owes any duty of purity to the husband, and breaks no duty to him by her misconduct, however gross."

This statement, however, was not necessary to the point decided, and many of the authorities cited to sustain it fail to do so.

From a review of the above cases it will be seen that in none except *Forrest v. Forrest,* 3 Bosw. 661, is it held that the subsequent misconduct of the wife *cannot* be considered upon an application to modify the amount of alimony.  That such misconduct may not in many cases bar the wife from further receiving alimony or even from a reduction of the amount determined in the original decree may well be conceded.  But it is not in consonance with the evident intent of the statute, or with the judicial policy of this state, or with principles of natural justice, to hold that the subsequent misconduct of a wife of the character here found should not be considered by a court of equity in determining how much the husband shall continue to contribute to her support.  If the facts disclose a single lapse from virtue, caused perhaps in some degree by

the misconduct of the husband; that he has in his possession property accumulated by the economy and labor of both during the married state; that the wife is without any means of her own and without the ability to earn a livelihood, then the court may well refuse to modify the amount of alimony awarded in the original decree.  On the other hand, if the wife, without the fault of the husband and without any adequate excuse or palliation, deliberately chooses a life of shame and dishonor, has no other equitable claim upon property in the hands of the husband, and he is compelled by his daily toil to earn the money paid to her, the court may make the misconduct of the wife the ground for cutting off all alimony, or for reducing the same, as may in its discretion seem just and equitable under all the circumstances of the case.  Our statute, sec. 2369, Stats., prescribes no grounds upon which a judgment for alimony may be modified.  It wisely leaves that to the judgment of the court.  The considerations that may legitimately influence such judgment are so varied and complex that legislative and judicial wisdom alike refrain from any attempt to enumerate them.  This much, however, may be said: the courts of our state do not permit vice to flaunt its banner before them unchallenged.  When it appears, its nature and extent may be inquired into, and if justice so demands, it may be made the ground of equitable relief in the allowance of alimony.

But in this case it cannot be said that there was any reduction of alimony.  The court, upon the showing made of the subsequent misconduct of the wife, changed the judgment from one awarding alimony to one of a final division of property between the parties, and very properly so.  The evidence was no doubt sufficient to satisfy the court that the wife evinced a permanent disposition to err.  Under such circumstances the best administration of justice requires a financial as well as marital separation of the parties.  The right to so modify the judgment is unquestioned.  *Martin v. Martin,*

126 Wis. 237, 105 N. W. 783. No claim is made that the sum awarded the wife in the final judgment dividing the property was not adequate considering the financial condition of the defendant.

The defendant appealed from an order entered May 21, 1912, requiring him to pay the sum of $150 alimony due for the months of March, April, and May, 1912. It is argued by counsel for defendant that the judgment of final division of property entered May 2, 1912, settled all matters between the parties, and that no claim for past-due alimony can be maintained by plaintiff. This contention would probably prevail were it not for the fact that it appears from the affidavit in behalf of plaintiff and is not denied by the defendant that at the time the modification of the judgment of February 19th was considered by the court oral reference was made to this amount of unpaid and overdue alimony and the court from the bench said, "Let it be paid," and afterwards the court made the order for its payment. From this it must be inferred that the court did not include in the judgment of May 2d the alimony in dispute, and that the division of property was made upon the basis that this sum of $150 due for alimony should be paid in addition to the sum of $600 required to be paid by the judgment of May, 1912. So construing the action of the court, the order was properly made.

*By the Court.*—Upon the plaintiff's appeal the judgment is affirmed; upon the defendant's appeal the order is affirmed. No costs allowed to either party; the defendant to pay the clerk's fees.