Flora L. Barber, Liblt., *vs.* William W. Barber.

Cumberland.    Opinion October 19, 1916.

*Exceptions to discretion of court vacating or changing any decree or order previously made. Libel for divorce. Power of court to modify its decrees. Power of court to dismiss a libel for divorce.*

1.  The court has full power, of its own motion, to amend, correct or vacate a decree of divorce, during the term at which the decree was made. And it may do so without notice to the libellant.
2.  When the court has made a decree of divorce, and afterwards during the same term has vacated the decree, a petition to discharge the vacating order is addressed to the judicial discretion of the court, to the exercise of which exceptions do not lie.
3.  When the court has heard a libel for divorce, has made a decree of divorce, and afterwards during the same term has revoked the decree, it is not error to dismiss the libel at a subsequent term, if no further evidence on the merits be offered.

Libel for divorce entered at March term, 1916, Superior Court, Cumberland county. Hearing was held on libel, April term, 1916, on the fourth day of term. The presiding Justice granted a decree of divorce. On the seventeenth day of the same term the presiding Justice vacated the decree granting the divorce. At May,

term, 1916, motion filed asking that the court vacate its order revoking the decree of divorce. Hearing was held and the petition was denied and court ordered the libel dismissed. To this ruling exceptions were filed by libelant. Exceptions overruled.

Case stated in opinion.

*William A. Connellan, Jacob H. Berman,* and *Benjamin L. Berman,* for libelant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, HANSON, JJ.

SAVAGE, C. J. On the fourth day of the April term, 1916, of the Superior Court for Cumberland county, a decree of divorce was made and filed. On the seventeenth day of the term, the Justice of the court of his own motion, and without notice to the libelant, vacated the decree, on the ground of fraud and false swearing in its procurement. At the May term following, the libelant filed a motion praying that the court vacate its order vacating the original decree. The hearing was had, and evidence was taken, after which the Justice denied the petition and dismissed the libel. Thereupon the libelant excepted to the original order vacating the decree, and to the denial of the motion to vacate the decree and to the order dismissing the libel.

The first exeeption was irregularly taken. It was taken to an order made at a previous term. Exceptions do not lie in such cases. R. S., ch. 79, sects. 55; 84. But in this case it matters little. The proposition of law respecting the power of the court in the premises is open to consideration under the second exception. For, if the court was without power to vacate the decree, it was its duty to rescind or discharge that order, upon the libelant's petition.

It is undoubted law that the power of a court over its judgments, during the entire term at which they are rendered, is unlimited. It has full power to amend, correct or vacate a decree or judgment. During the term, the judgment is still in fieri, as it is said. It is subject to the further action of the court. Freeman on Judgments, 3d Ed., sect. 90; *Doss* v. *Tyack,* 14 How., 297; *R— v. R.,* 20 Wis., 347; *Taylor* v. *Lash,* 9 Iowa, 444; *Townsend* v.

*Chew,* 31 Md., 247. This rule applies as well to divorce decrees as to other judgments. *Gato* v. *Christian,* 112 Maine, 427; *Carley* v. *Carley,* 7 Gray, 545; *Danforth* v. *Danforth,* 105 Ill., 605; *Brown* v. *Brown,* 53 Wis., 29. In general, divorce decrees are open to attack in the same manner and upon the same grounds as other judgments. *Adams* v. *Adams,* 51 N. H., 388; *Edson* v. *Edson,* 108 Mass., 590; *Leathers* v. *Stewart,* 108 Maine, 96; Freeman on Judgments, 3d Ed., sect. 489.

It has been held that during the term the court of its own motion may vacate a decree of divorce. *Brown* v. *Brown,* supra; *Weber* v. *Weber,* 153 Wis., 132. And we see no good reason why this should not be so. It is true that it is usually done on motion. But it is a power which the court should exercise, if justice requires, whether there be a motion or not. And we do not doubt that the court has such power.

The libelant however urges strongly that the court could not rightfully exercise that power in her case without notice to her. We are not persuaded that this view is the correct one. The Justice had heard the case. His first decision and decree favorable to the libelant gave her no fixed right. It was subject to change during the term. During the term it was ambulatory. The order vacating the decree left the case pending on the docket. The libelant was deprived of no right. She might have asked for and had another hearing on the libel. Under such circumstances we do not think notice to show cause was necessary, as a matter of law. *Gato* v. *Christian,* supra.

Whether, under all the circumstances, the vacating order should have been discharged, leaving the decree of divorce in full effect, was necessarily a matter of judicial discretion, to the exercise of which exceptions do not lie, unless the discretion was manifestly abused. This is so well settled that it requires no citation of authorities to sustain it. We discover no abuse of discretion in this case. By reason of certain circumstances which appeared in the case, it is evident that the Justice did not believe the testimony of the libelant and her witnesses given at the hearing on the motion. We have read the evidence and conclude that the Justice was warranted in his disbelief.

As to the exception to the order dismissing the libel, only this need be said. The case had been fully heard, on the merits, the previous term. The Justice concluded at the April term that the libelant was not entitled to a divorce. He might have dismissed the libel at that time. No further evidence was offered, except that upon the motion. Nothing remained but to dismiss the libel.

*Exceptions overruled.*