HARITOS, Respondent, vs. HARITOS, Appellant.

*December 10, 1924—January 13, 1925.*

*Divorce: Alimony: Modification of decree: By court: By act of parties: Subsequent adultery of divorced wife: Release of further payments of alimony: Validity: Public policy: Appeal: Ruling right but wrong reason assigned: Affirmance.*

1. The court has full control of the subject of alimony after a decree of divorce, and parties may not contract away its right to control and regulate the payment of alimony before the same becomes due. p. 461.

2. On an appeal in an equitable proceeding this court will not disturb the action of the lower court if his order is right on the merits, although he may have assigned a wrong reason for his ruling.    p. 464.

3. The statute denies alimony to a wife guilty of adultery, and upon proof of adulterous conduct subsequent to a judgment of divorce it is appropriate that the court take into consideration such conduct in continuing or disallowing alimony. p. 464.

4. A satisfaction of the provisions of a judgment of divorce, in so far as the same concerned further payments of alimony, and relieving the husband therefrom, executed by the wife after the husband had procured what he deemed evidence of adulterous conduct on her part and threatened to make formal application for the modification of the judgment, is *held,* under the circumstances of this case, wholly immoral and contrary to public policy.    p. 462.

APPEAL from an order of the circuit court for La Crosse county: S. E. SMALLEY, Judge. *Affirmed.*

This is an appeal from an order setting aside a purported satisfaction of a judgment for alimony, and ordering payment of alimony according to the original judgment.

The cause was submitted for the appellant on the brief of *Cowie & Hale* of La Crosse, and for the respondent on that of *Geo. H. Gordon, Law & Gordon* of La Crosse.

CROWNHART, J.    *Eulalie Haritos,* hereinafter called the plaintiff, secured a decree of divorce from *John Haritos,* hereinafter called the defendant, on June 22, 1922, in the circuit court for La Crosse county, on the grounds of cruel and inhuman treatment of the plaintiff by the defendant, and on the ground of adultery committed by defendant. The defendant did not contest the action.

The decree awarded custody of the eight-year-old son of the parties to the plaintiff, and awarded $15 per month to be paid by the father to the mother for the care and support of said boy, and $25 per month to be paid by the defendant

to the plaintiff as alimony, until the further order of the court.

The sums so awarded were paid by the defendant to the plaintiff to September 1, 1923, and at that time defendant ceased to pay any further sums of money as alimony to the wife, but continued to pay the $15 per month for the support of the son.

On May 27, 1924, the plaintiff had the defendant cited before the court to show cause why he should not be compelled to pay alimony as provided in the decree of divorce. A hearing was had before the court upon affidavits and the records of the case, the same judge who tried the divorce action presiding. Upon completion of the hearing the court ordered payment of alimony in default, and for the future, as provided in the decree.

On this appeal the defendant contends that he was relieved from any further payments of alimony by reason of a satisfaction thereof in full, in writing, executed by the plaintiff, based upon a valid consideration. He claims that this was a matter of contract and that the court had no power to alter or change the same.

Our statutes specifically provide that after judgment allowing alimony or other provisions for wife and children, or either of them, the court, from time to time, upon the petition of either party, may revise and alter such judgment respecting the amount of alimony or allowance and the payment thereof. Sec. 2369, Stats. It necessarily follows that the court has full control of the subject of alimony after a decree awarding alimony, and that the parties are not at liberty to contract away the right of the court in the exercise of its statutory prerogative to control and regulate the payment of alimony after judgment of divorce. As the payments became due the plaintiff could dispose of them as she should choose, but as to the future, the court had juris-

diction to modify the judgment as the interest of justice might demand.

It is further contended that the court erred in setting aside the pretended satisfaction of judgment, in so far as it awarded alimony to the plaintiff.

Both parties filed affidavits on the hearing which were quite lengthy. We will consider only the undisputed facts and not attempt to give more than the substance thereof necessary to a fair consideration of the matter.

It appears that on the advice of his attorneys, defendant, after the decree of divorce, caused the plaintiff to be shadowed to discover evidence of misconduct on her part with one whom defendant suspected of being her paramour. Having obtained, as he thought, some evidence of adultery on the part of the plaintiff, defendant had prepared by his attorneys motion papers to apply to the court for a modification of the decree of divorce as to the custody of the boy and the abatement of alimony required under such decree. Having had these papers prepared, and without having them served, defendant and a friend saw the brother of the plaintiff and notified such brother of defendant's proposed action and the grounds thereof. This brother, so defendant says in his affidavit, "was a man of good repute in the city of La Crosse." The brother thereupon had his sister go with him to the office of defendant's attorneys, and there the satisfaction was executed, as the defendant says in his affidavit, "the specific consideration of said release being the promise of this affiant to drop further court action in said matter and to take no steps which would cause this plaintiff notoriety and reflect upon her character." It requires no citation of authority to show that a contract secured under such circumstances and upon such consideration is wholly immoral and contrary to public policy. It smacks too strongly of blackmail, compounding of crime, and extortion to be tolerated in a court of justice. See secs. 4380 and 4501, Stats. It is very clear that the brother of plaintiff,

"a man of good repute, good education, and good standing," as alleged by defendant, was induced, by threats to charge his sister with crime, to take her to the office of defendant's attorneys, where the satisfaction was prepared. Quite naturally the brother wished to avoid scandal, which would be embarrassing to himself and to his family as well as to his sister. As at first presented, the satisfaction and agreement provided for taking the custody of the boy from his mother and placing him with the brother of the plaintiff, and the defendant was released from any charge for the support of said boy as well as released from payment of alimony to the mother. However, the mother could not be induced to surrender the custody of her child, even by threats to charge her with crime, and that part of the satisfaction affecting the custody of the child and payments for his support was stricken out, and the satisfaction as executed only went to that part of the judgment awarding alimony to the plaintiff. It thus becomes very plain that the motive of the defendant in taking the proceedings which he did was not the welfare of his son, but on the contrary his purpose was solely to escape payment of alimony. It is quite apparent that in awarding alimony to the wife, and in making an allowance for the support of the child, in the original decree, the court had principally in mind the support and education of the child. If the mother had the custody and care of the child, it was necessary that she have a separate allowance to assist her in performing her duties in this respect. She would not be able to go out in service to the same extent that she would if she did not have the custody of her child. It is therefore reasonable to suppose that the court, in setting aside the pretended satisfaction and ordering payment of alimony as in the original decree, had in mind the welfare of the child quite as much as the necessities of the mother.

It is claimed on the part of the defendant that the court gave as a reason for setting aside the satisfaction that the execution of the satisfaction was an attempt to modify the

decree and was illegal for that reason.   But on appeal in an equitable proceeding this court will not disturb the action of the lower court if his order was right on the merits, notwithstanding he may have given the wrong reason.   *Gill v. Rice,* 13 Wis. 549.

It will be noted that we have dealt only with the issues raised upon the record made in the court below.   It is recognized that the statute denies alimony in a judgment for divorce to a wife guilty of adultery.   Upon proof of adulterous conduct subsequent to the judgment of divorce, it is appropriate that the court take into consideration such conduct in continuing or disallowing alimony.   If the defendant sees fit to make application for a modification of the judgment in this respect, or to prove adulterous conduct on the part of plaintiff as a reason for purging his contempt, he should be accorded that opportunity.   The order appealed from will be affirmed accordingly without prejudice to the right of the defendant to interpose further defenses to the order to show cause.

*By the Court.*—The order of the circuit court is affirmed.

ESCHWEILER, J., dissents.