EDITH M. GETZ *v.* WILLIAM H. GETZ, DEFEND-
ANT, HONOLULU IRON WORKS COMPANY,
GARNISHEE.

No. 1813.

Submitted October 10, 1928.          Decided October 30, 1928.

Perry, C. J., Banks and Parsons, JJ.

OPINION OF THE COURT BY BANKS, J.

The complaint in this case is composed of two counts,
to each of which the defendant demurred on the general
ground that neither count states facts sufficient to entitle
the plaintiff to the relief prayed for. The demurrer was
sustained and the complaint dismissed. The plaintiff
brings the case here on exceptions.

The first count is predicated on a decree rendered by
a court of competent jurisdiction in the State of Wis-
consin granting to the plaintiff in the action (who is also

the plaintiff in the instant suit) an absolute divorce from the defendant, who was her husband. The decree also provides for the distribution of certain personal property, the payment of certain obligations to creditors and the award of the custody of the minor child to the plaintiff. The decree also orders the defendant to pay to the plaintiff during his life and until the remarriage or prior death of the plaintiff the sum of $150 per month for the support and maintenance of herself and child.

It is alleged in the complaint now before us that defendant has defaulted in the payment of these monthly installments in the aggregate sum of $3,750, for the recovery of which the instant suit is brought.

So far as the first count of the complaint is concerned the sole question presented is whether the decree rendered by the Wisconsin court is final as to the installments of alimony that have not been paid. It is conceded that unless it is final as to these installments the plaintiff has no case under this count. On the other hand, if it is final the first count states a case upon which the plaintiff is entitled to have a trial. The plaintiff pleads two Wisconsin statutes which bear directly on the subject and our attention is directed to several decisions of the supreme court of Wisconsin in which these statutes are discussed and construed. The statutes themselves are as follows:

"Upon every divorce from the bond of matrimony for any cause excepting that of adultery committed by the wife, and also upon every divorce from bed and board, the court may further adjudge to the wife such alimony out of the estate of the husband, for her support and maintenance, and such allowance for the support, maintenance and education of the minor children committed to her care and custody as it shall deem just and reasonable, or the court may finally divide and distribute the estate, both real and personal, of the husband and so much of the estate of the wife as shall have been derived from the

husband, between the parties and divest and transfer the title of any thereof accordingly, having always due regard to the legal and equitable rights of each party, the ability of the husband,.the special estate of the wife, the character and situation of the parties and all the circumstances of the case; but no such final division shall impair the power of the court in respect to revision of allowances for minor children under the next preceding section. * * *" Rev. Stat. Wis. 1919, V. 2, Sec. 2364.

"After a judgment providing for alimony or other allowance for the wife and children, or either of them, or for the appointment of trustees as aforesaid the court may, from time to time, on the petition of either of the parties, revise and alter such judgment respecting the amount of such alimony or allowance and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any judgment respecting any of the said matters which such court might have made in the original action. But when a final division of the property shall have been made under the provisions of section 2364 no other provisions shall be thereafter made for the wife." *Ib.*, Sec. 2369.

It is evident from section 2364 that the court granting a divorce may adjudge alimony to the wife out of the estate of the husband or may finally divide and distribute between the parties the estate of the husband and so much of the estate of the wife as shall have been derived from the husband and transfer the title to such property in accordance with the provisions of the statute. There seems to be no doubt as to the finality of such a decree— certainly in so far as it divides and distributes the property.

It is contended by the plaintiff herein that the decree of divorce upon which the first count is predicated divided and distributed certain personal property between herself and the defendant and furthermore provided that "the foregoing division shall be and is hereby declared to be

a full and final division and declaration of the property rights of the above named parties," and that therefore the entire decree is final under section 2364 and entitles her to maintain her action on it. We think it cannot be denied that the portion of the decree declaring what property the plaintiff should have and what property the defendant should have is final. It vested in the respective parties an interest in such property which we imagine the Wisconsin court could not thereafter disturb. We think it does not follow from this, however, that the portion of the decree relating to alimony is final and therefore outside the jurisdiction of the Wisconsin court to alter or amend. The finality of the decree relating to alimony is no more fixed by the finality of the decree relating to a division of the property than it is fixed by the finality of the decree dissolving the bonds of matrimony. Whether the order to pay alimony is final depends on the provisions of section 2369 of the Wisconsin statutes. This section provides that "after a judgment providing for alimony * * * the court may, from time to time, on the petition of either of the parties, revise and alter such judgment respecting the amount of such alimony * * * and the payment thereof, * * * and may make any judgment * * * which such court might have made in the original action." This section confers upon the courts of Wisconsin a very broad power over decrees of this nature. It does not limit their power to increasing or decreasing installments of alimony not yet due but is comprehensive enough to include the power to deal with the payment of installments that are past due as well. The courts are given power upon the petition of either party to make any judgment they might have made in the first instance. It cannot be doubted, of course, that the Wisconsin court could in its original decree have ordered the defendant to pay a sum less than $150 per month to the plaintiff for

her support and maintenance. This being true it is obvious from section 2369 that it would now have jurisdiction, upon the petition of the defendant, to reduce the amount that is past due, and for the recovery of which the present action is brought, to such sum as in its judgment the defendant should be required to pay. The decree thus lacks the quality of finality that is indispensable to the maintenance of an action upon it in a foreign jurisdiction.

The views we have thus far expressed are supported by several decisions rendered by the supreme court of Wisconsin. Inasmuch as the statutes that were under consideration in those cases are the same statutes that are now before us we would not feel at liberty to dissent from the conclusions reached by the Wisconsin court even if we had not agreed with them. In *Lally* v. *Lally*, 152 Wis. 56, 138 N. W. 651, 652, a decree had been entered as follows: "That the defendant, his heirs, executors and administrators, pay, or cause to be paid, to the plaintiff during her natural life, or until she shall remarry, the sum of $3600 per year, payable in equal monthly installments of $300 on the 1st day of each and every month during such term, said payments to be made and accepted as a full, absolute and final division of the estate of said parties, in accordance with the findings of fact and conclusions of law herein on file, provided, however, that on the remarriage of said plaintiff said payments herein provided for shall at once cease." The sole question presented was whether or not that decree constituted a final division and distribution which was not subject to revision, or whether the decree was still subject to modification and amendment within the provisions of section 2369. The plaintiff sought to have such judgment reopened and revised. The court held that although the judgment itself stated that it was a full, absolute and final division of the husband's estate, it was in fact nothing but a judg-

ment for alimony and that therefore it was subject to revision and modification within the provisions of section 2369. Moreover, in that case the parties had stipulated that said sum of $3600 per year should be and was accepted as an absolute, full and final division of the estate. The court held that regardless of such stipulation the judgment was merely one for alimony and neither the stipulation nor the judgment was a bar to the modification thereof. In *Norris* v. *Norris,* 162 Wis. 356, 357, the court said: "A divorce judgment which only provides a monthly allowance for the wife, to terminate on her remarriage or death, is not a final division of the husband's estate under sec. 2364, Stats., no matter how it is designated, but is a judgment for alimony which is subject to revision under sec. 2369. On this proposition the case of *Lally* v. *Lally,* 152 Wis. 56, 138 N. W. 651, is adhered to under the rule of *stare decisis.* We do not wish to be understood as deciding that a circuit court may not fix a specific sum to be paid in instalments or in gross and render a final judgment under sec. 2364, although the amount fixed might even exceed the value of the property then possessed by the husband, nor is the *Lally Case* to be construed as so holding. What we do decide is, that where no definite sum in the aggregate is fixed by the divorce judgment and where the duration of the period over which payments are to extend is subject to the contingency of remarriage or death, such judgment, however labeled, is one for alimony." In *Campbell* v. *Campbell,* 37 Wis. 206, 220, the court in construing section 28 of the Wisconsin statutes (now Sec. 2369, Rev. Stat.) said: "Section 28 goes upon the fitness of a new judgment in the altered circumstances of the parties. And the true bearing on the question of alimony or division of estate, of the authority to make a new judgment which the court might have made originally, is to license the court to pro-

vide *de novo* for the support of the wife and children committed to her with reference to all changes in the circumstances of the parties. For, if the power were limited to the estate of the husband as it stood at the time of divorce, it would not only exclude new value as well as new estate and refer present support to old values of old estate, but would leave the court powerless to make any new judgment on the subject, if it should happen that the husband's estate at the time of divorce had ceased to belong to him. This looks like a *reductio ad absurdum.*"

*Guenther* v. *Jacobs,* 44 Wis. 354, was an action brought by the wife in a jurisdiction other than that in which the divorce was granted on a bond that the court granting the divorce had required the husband to give to secure the payment of alimony. The trial court gave judgment for the plaintiff which on appeal was reversed. The apellate court (pp. 355, 356, 357) said: "It is settled in this court, that the word *alimony* is used in the statute of divorce in its strict technical meaning; intelligently so used, the provisions of the statute in relation to it closely following the law of the ecclesiastical courts. It is not an estate, and, therefore, not separate property of the wife. 'It is an allowance for the nourishment of the wife, resting in discretion, variable and revocable.' It is therefore essentially temporary, conditional and dependent. And a judgment for alimony upon divorce, whether *a vinculo* or *a mensa et a thoro,* remains under the statute, as it did in the ecclesiastical courts, 'subject to the continuing authority of the court over it, to be exercised from time to time.' 'The measure of support of the wife, and the children committed to the care of the wife, depends largely on their need, age and other circumstances, and on the ability of the husband. These are all essentially changeable from time to time; and the sup-

port of the wife, and children in the wife's care, comes within the wise policy of continuing authority after divorce, to be exercised from time to time in view of changes in the premises on which the measure of support rests.' 'And when courts, after divorce, enforce the husband's duty, and provide for the wife's need, by alimony, they hold the measure of it as essentially variable, and therefore subject from time to time to modification, suspension, renewal and revocation. Such were the view and practice of the English courts, followed and embodied in our statute of divorce.' 'And even the payment of arrears of it rests in the discretion of the court granting it.' In all ordinary circumstances, therefore, the remedy to enforce the payment of alimony is exclusively in the court which grants it. * * * If, therefore, this were a proceeding at law or in equity upon the judgment of the county court decreeing alimony to the respondent, it is not to be doubted, indeed it does not appear to be questioned, that the action must fail. The only apparent difficulty in the case is, that the action is upon a bond given under the authority of the county court to secure the payment of the respondent's alimony. And this difficulty is more apparent than real. * * * It would be an anomaly that the bond given to secure the judgment, and the remedy upon it, should not be equally within the continuing control and jurisdiction of the court rendering the judgment, as the judgment itself.''

It is contended by the plaintiff that however conclusive the foregoing decisions may be as to the jurisdiction of the court granting the divorce and ordering the payment of alimony to modify its decree relating to installments of alimony not yet due, they are not conclusive as to the power of the court to relieve against the payment of installments that are in arrears and that as to such installments the Wisconsin court has in later cases reached

a contrary conclusion. Two Wisconsin cases are cited in support of this contention: *Haritos* v. *Haritos*, 202 N. W. 181 and *In re Wakefield's Estate*, 196 N. W. 541.

In the *Haritos* case the plaintiff filed a petition in the court which had granted the divorce and which had ordered the payment of alimony to her praying that the defendant be required to obey the court's order in that regard. The defendant set up by way of defense that the plaintiff, for a valuable consideration, had agreed to relieve him of his obligation and that therefore the court was without jurisdiction in the matter. This agreement, however, had been procured by unfair and coercive measures and the circuit court held that its jurisdiction was unaffected by the agreement. Upon appeal this judgment was affirmed. The court of appeals said (p. 182): "Our statutes specifically provide that after judgment allowing alimony or other provisions for wife and children, or either of them, the court, from time to time, upon the petition of either party, may revise and alter such judgment respecting the amount of alimony or allowance and the payment thereof. Section 2369, Stats. It necessarily follows that the court has full control of the subject of alimony after a decree awarding alimony, and that the parties are not at liberty to contract away the right of the court in the exercise of its statutory prerogative to control and regulate the payment of alimony after judgment of divorce. As the payments became due, the plaintiff could dispose of them as she should choose, but, as to the future, the court had jurisdiction to modify the judgment as the interest of justice might demand."

In view of the clear and cogent reasoning in the other Wisconsin cases which we have cited and from which we have quoted, which reasoning is broad enough to include arrearages of alimony as well as future installments, and

in view of the comprehensive provisions of section 2369 we cannot think it was the intention of the court in the last sentence quoted from the *Haritos* case to lay down a rule that would preclude the court which had rendered a decree of divorce from subsequently abating, in whole or in part, for good and sufficient cause, installments of alimony that were past due. If such had been its intention it certainly would have made some reference to other Wisconsin cases where a contrary doctrine seems to be announced. It would require a clearer and more emphatic statement than that contained in the *Haritos* case to induce us to believe that the court intended to abandon a construction of section 2369 that had so long been recognized in that State.

The *Wakefield* case is even less convincing than the *Haritos* case. Mrs. Wakefield obtained a divorce in California from her husband, Thomas Wakefield. The court granting the divorce in its decree ordered the husband to pay to his wife as alimony the sum of $150 per month. Wakefield defaulted in these payments in the aggregate sum of $1200. His father, George M. Wakefield, who died testate in Wisconsin, by his will left certain legacies to his son Thomas Wakefield. Mrs. Wakfield, prior to the payment of these legacies and while the matter was still in suspense in the Wisconsin courts, filed a petition praying that she be allowed to intervene as a creditor of Thomas Wakefield and that the amount due her as alimony be paid to her out of the legacies to which she was entitled. The point was made by Wakefield's counsel that Mrs. Wakefield was not a creditor and therefore had no right to intervene. The court in disposing of this question said (p. 544): "The next contention of respondent is that the petitioner is not a creditor, and that Thomas Wakefield is not a debtor within the meaning of the statute. To sustain this contention counsel cite

cases holding that judgments for alimony are not assignable and are not discharged by adjudications of bankruptcy. These cases do not depend on the theory that when a judgment for alimony is secured by a wife she is not a creditor, but on the principle that such judgments are for her personal maintenance, that she should not be allowed to deprive herself of their benefits by anticipation, and that they should not be alienable. The duty of the husband to make provision for his wife is not discharged by divorce or bankruptcy. It is a familiar rule that such judgments, unlike others, are revocable for causes intervening after the decree. The ability or inability of the husband to make payments, the diminishing or increasing needs of the wife, and her remarriage, are all circumstances which may be important considerations in determining whether a provision for alimony should be continued or modified. But the fact that the judgment may be revised by the court in no way indicates that, so long as it stands unchanged, it is of less binding effect than other judgments. When a divorced wife has her judgment for alimony, she is a creditor and entitled to the remedies of other judgment creditors. This is the rule sanctioned by the great weight of authority. * * * Since the judgment was entered in the court of another state having general jurisdiction, it should be given the same faith and credit as in the state where rendered." The court cites in support of its opinion *Kunze* v. *Kunze,* 94 Wis. 54. In the *Kunze* case an action was brought in the Wisconsin court on a judgment rendered by a court of competent jurisdiction in the State of Illinois ordering the defendant to pay to the plaintiff the fixed sum of $1550 as alimony. It was alleged in the complaint that by the laws of Illinois the decree for the payment of alimony has the force and effect within that State of a judgment at law for the payment of money.

A general demurrer to the complaint was sustained by the lower court and on appeal this ruling was reversed. In its opinion the appellate court said (p. 57): "It is further alleged in the complaint by apt averments that, by the laws of Illinois, the amended decree for the payment of alimony has the force and effect within that state of a judgment at law for the payment of money. If such be its force and effect, we see no reason why an action at law for its recovery may not be maintained in this state. It is quite well established that an action at law lies on a final decree of a court of equity of another state for the payment of a specific sum of money. *Moore* v. *Adie's Adm'r*, 18 Ohio, 430; *Pennington* v. *Gibson*, 16 How. 65; *Allen* v. *Allen*, 100 Mass. 373; Black, Judgments, §962, and cases cited. If a divorce judgment decree the payment of a specific sum absolutely as alimony, and if (as alleged in this case) such decree has the effect in that state of a judgment at law for the payment of money, there seems no reason why such a decree may not be enforced by action at law in another state. *Dow* v. *Blake*, 148 Ill. 76; *Barber* v. *Barber*, 21 How. 582; *Allen* v. *Allen, supra*. This doctrine is not contrary to the principle stated in *Barber* v. *Barber*, 2 Pin. 297, where an action at law was held not to lie to enforce payment of certain instalments of a New York decree for alimony. That ruling was based expressly on the fact that, under the law of New York, the decree was temporary only, and not an absolute decree for the payment of a sum certain, and had not the effect of a judgment at law. Nor is there anything in the decision of the case of *Guenther* v. *Jacobs*, 44 Wis. 354, which conflicts with the position here taken."

It is evident that in the *Wakefield* case (the court having in mind the *Kunze* case) the conclusion that Mrs. Wakefield was a creditor of James Wakefield, her

former husband, was based on the assumption that in California the decree upon which her status as a creditor depended was a final decree and therefore beyond the jurisdiction of the California courts to modify or otherwise amend. Our attention has not been directed to any California case construing the statutes of that State relative to judgments for alimony. Plaintiff's counsel, however, in their brief, cite *McGregor* v. *McGregor,* 122 Pac. 390, a Colorado case, which construes the California statutes. In that case the plaintiff brought suit in Colorado, on a judgment rendered in California, for past-due installments of alimony. The question presented was whether the California judgment was final and therefore enforceable in Colorado. The court in deciding that it was final said (p. 391): "The next question, then, to determine, is whether the California court by the law of that state possesses the power to annul or modify the past-due installments which accrued by virtue of the decree which is made the basis of plaintiff's cause of action. The Civil Code of California, §139, is as follows: 'Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively, and the court may, from time to time, modify its orders in these respects.' Section 138 of the Code also provides: 'In an action for divorce the court may, before or after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same.' There is nothing in either of these sections which expressly or impliedly confers power to

revoke or modify an installment for alimony, or for the education and maintenance of a minor child, issue of the marriage dissolved, which had accrued prior to the making of an application to vary or modify it, and in the language of the opinion in *Sistare* v. *Sistare, supra,* 218 U. S. page 22, 30 Sup. Ct. 688, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061: 'Every reasonable implication must be resorted to against the existence of such power in the absence of clear language manifesting an intention to confer it.' So far as advised by any decisions of the supreme court of California on the subject, the power of the courts of that state is limited to modifications of future installments for alimony, or the support of minor children, and does not extend to those past due."

*Ashby* v. *Ashby,* 174 Wis. 549, is an adjudication of the power of the Wisconsin courts to modify a decree ordering the payment of alimony in installments although many defaults in the payment of these installments had been made. It had been ordered in a decree of divorce that Ashby (the defendant) pay to Mrs. Ashby (the plaintiff) as alimony the sum of ten dollars a month. The defendant defaulted in the payment of these installments for so many years that he was finally in arrears in the total sum of $3,922.30. An order to show cause why he should not pay this amount or be punished for contempt was issued against him. He filed an affidavit which showed his financial condition and which also showed his advanced age. At the hearing the lower court gave the plaintiff a judgment for the sum of $3,922.30 and ordered the defendant to pay it forthwith. On appeal to the supreme court this judgment was reversed and in its opinion the court said (p. 556): "Under the circumstances we consider it inequitable to enforce the judgment as it now stands, and under the

decision in *Campbell* v. *Campbell*, 37 Wis. 206, and *Bacon* v. *Bacon*, 43 Wis. 197, would advise a revision and modification of this judgment, in view of the changed and altered circumstances now existing, under and pursuant to which the plaintiff be adjudged a reasonable amount in lieu of past-due alimony, with a provision under sec. 2367, Stats., that the allowance when so made may be imposed as a charge upon the real estate of the defendant." This case is directly in point and is opposed to the plaintiff's contention in the instant case.

It is our opinion, based on the Wisconsin statutes to which we have referred and on the decisions of the Wisconsin court construing those statutes, that the demurrer so far as it relates to the first count of the complaint was properly sustained.

It is likewise our opinion that so far as it relates to the second count of the complaint the demurrer was properly sustained. This count is based on an agreement entered into between the parties prior to the rendition of the decree of divorce.

The terms of the agreement, which was authorized by the laws of Wisconsin, were embodied in the decree of divorce upon which the first count of the complaint is based. Its only function was to inform the court, in the event a divorce was granted, what the parties had agreed upon concerning a division of property, the custody of their child and the amount of alimony and counsel fees that the defendant should be required to pay. When the divorce was granted (and the terms of the agreement embodied in the decree as they were) the agreement itself became *functus officio*. It had no force independently of the decree and was subject to the same modification as the decree itself. It would be inconsistent to say that no action could be maintained in

this jurisdiction on the decree but could be maintained on the agreement which was the basis of the decree.

The exceptions are overruled.