## EVELYN LINDBLOOM v. RALPH LINDBLOOM.[1]

March 28, 1930.

No. 27,793.

*R. E. Plankerton,* for appellant.
*Daggett & Redlund,* for respondent.

HOLT, J.

Appeal is from an amended decree in so far as it modifies alimony and from a subsequent order denying a new trial regarding such alimony.

[1]Reported in 230 N. W. 117.

In 1926 plaintiff obtained a decree of divorce from defendant on the ground of his cruel and inhuman treatment. There were no children. In the decree was awarded $50 per month alimony, and by subsequent amendment this was modified by the provision "until plaintiff remarries." In May, 1929, defendant was before the court on an order to show cause why he should not be punished for contempt for failure to pay alimony past due, and at the same time was heard a countermotion of defendant to amend the decree so as to eliminate alimony. The hearing was before the same judge who had granted the original decree. Each party was fully heard on oral testimony covering over 200 pages of the printed record.

The court amended the decree by providing for the payment of the sum of $325 as final alimony, upon payment of which sum all claims against defendant and his present and after-acquired property terminate. That sum included $100 alimony then in arrears. The basis for the amended decree is stated by the court in a memorandum in this manner:

"At the time of the decree of divorce herein the property of the defendant was so involved that it was impracticable to make any division of any kind, and it has changed but slightly since, for whether this property will ever be realized will depend upon the outside management, and not on part of the defendant, and an enforced judgment now would probably lose it."

The court also concluded from the testimony that plaintiff's relation to a married man was such as to forfeit the right to further alimony from defendant.

The evidence shows a substantial change in the situation of the parties. When the divorce was granted defendant had a business. He disposed of that, and nearly all received has been spent. A thousand dollars thereof was invested in shares in a corporation for which he works. But the shares are not fully paid for, and the business is as yet a venture from which defendant has drawn no salary. The real estate he holds on contract, and the rent therefrom no more than suffices to pay interest, instalments of principal, insurance and taxes. Of course plaintiff should not suffer because

defendant's living expenses have increased on account of his having again married. But it appears that since he disposed of the business he had when the divorce action was tried he has been unable to find work which produces any income except insignificant amounts.

The learned trial court also took into consideration plaintiff's conduct with a married man living apart from his wife and child. Plaintiff cites authorities to the effect that her conduct subsequent to the divorce cannot be considered on a motion to modify the alimony decreed, and cites Forrest v. Forrest, 3 Bosw. (16 N. Y. Super. Ct.) 661; Cole v. Cole, 142 Ill. 19, 31 N. E. 109, 19 L. R. A. 811, 34 A. S. R. 56; Rang v. Rang, 211 Ill. App. 385; Cross v. Cross, 63 N. H. 444; Stanfield v. Stanfield, 22 Okl. 574, 98 P. 334; Alexander v. Alexander, 13 App. D. C. 334, 45 L. R. A. 806. This is undoubtedly so where the alimony decreed represents a division of property.

In Weber v. Weber, 153 Wis. 132, 138, 140 N. W. 1052, 1055, 45 L.R.A.(N.S.) 875, Ann. Cas. 1914D, 593, the court carefully reviews the cases cited and others and reaches the conclusion that "if the wife, without the fault of the husband and without adequate excuse or palliation, deliberately chooses a life of shame and dishonor, has no other equitable claim upon property in the hands of the husband, and he is compelled by his daily toil to earn the money paid to her, the court may make the misconduct of the wife the ground for cutting off all alimony, or for reducing the same, as may in its discretion seem just and equitable under all the circumstances of the case."

Our statute as to the authority of the court to modify a divorce decree in respect to the alimony is as unrestricted as that of Wisconsin. An application of this sort "is addressed largely to the discretion of the trial court." Haskell v. Haskell, 116 Minn. 10, 132 N. W. 1129, 1130; Id. 119 Minn. 484, 138 N. W. 787. The proof of misconduct in this case, it must be conceded, is not of that degree shown in the Weber case, 153 Wis. 132, 140 N. W. 1052. But that case is authority for the proposition that the court may take subsequent misconduct into consideration on an application such as

was here made. Hartigan v. Hartigan, 142 Minn. 274, 171 N. W. 925, cited by plaintiff, involved no misconduct of the wife subsequent to the decree. Viewing principally the changed financial situation of defendant, we are not persuaded that the court below abused judicial discretion in modifying the decree in respect to alimony as was here done.

The assignment of error that the court could not entertain defendant's motion to modify the decree since he was in default is not argued in the brief, and we pass it by with the mere suggestion that the record fails to show that plaintiff ever objected to hearing defendant's application by the court below; and even had she done so it was within the court's discretion to hear and dispose of this motion at the same time that the contempt matter was heard.

The order and decree are affirmed.