With so much of the majority opinion as sustains the award of alimony made by the trial court, I cannot agree.
Alimony is based upon the continuing duty of a husband to support a wife whom he has in legal effect abandoned. Heard v. Heard, 116 Conn. 632,636, 166 A. 67; Christiano v. Christiano, 131 Conn. 589,596, 41 A.2d 779; Romaine v. Chauncey,129 N.Y. 566, 570, 29 N.E. 826. Where a wife brings an equitable action for separate maintenance, we have said that "the measure of the husband's duty is that support to which the wife is entitled by virtue of the marital contract. . . . generally speaking, it requires the husband to provide `within the reasonable limits of his ability, for her comfort and happiness as well as for her mere bodily shelter and food.'" Smith v. Smith, 114 Conn. 575, 580, 159 A. 489. The same consideration lies at the basis of the award of alimony in a divorce case. As the majority opinion states, the trial court has a wide discretion in determining the nature and amount of alimony. It is also true that it may properly take into consideration the property, income and earning capacity of *Page 320 
the parties respectively, and any other relevant circumstances. Felton v. Felton, 123 Conn. 564, 568,196 A. 791. But the case before us is lacking in any elements other than those specified which could materially enter into the determination of the amount of the award.
At the time of the trial the defendant was forty-three years of age. In 1943, after the defendant learned of the circumstances concerning the birth of the child, Michael, the parties divided the plaintiff's estate, amounting to $34,000, and the defendant received $17,000. She spent $10,000 of this money in the purchase of an annuity policy, under the terms of which she would receive a monthly sum of $50 after she reached the age of fifty-five. Under the divorce decree she received the sum of $18,000, and the plaintiff was required to pay to the defendant the premiums upon a policy of insurance upon his life in the sum of $18,000 of which she was the irrevocable beneficiary. The trial court treated the house which the parties occupied before they separated, the title to which was in her name, and the furniture in it as her property; the house had an assessed value of $12,910 but was worth more; and the value of the furniture is not found. The defendant also has endowment insurance policies with an aggregate face value of $6,000, with some interest accumulated on them, payable in 1955, upon which she has to pay premiums; four war bonds, each for $1000, payable in 1955; $500 in cash; and an automobile given her by the plaintiff. At the time of the divorce, apart from the plaintiff's professional equipment, an automobile, certain policies of insurance upon his life payable to Michael and one on the life of Michael payable to the plaintiff, his estate consisted of war bonds having a maturity value of *Page 321 
$54,000 and worth at the time of the trial a little more than $40,000.
Upon the basis solely of these property items, there could be no reasonable ground to attack the award of alimony in this case. The significant fact is, however, that for the years 1943 to 1945 the plaintiff's taxable net income, less the income tax paid on it, averaged between $18,000 and $19,000 a year; and his gross income for the first nine months of 1946 was substantially equal to his net taxable income for the entire preceding year. The defendant before the marriage of the parties in 1928 had been a trained nurse; from 1932 until the separation in 1943 she had assisted the plaintiff by keeping his books; but she had at the time of the trial no separate income. If we add together the $17,000 received by her when the parties separated and the $18,000 awarded her as alimony, and assume that she sells the home, she would have received from the plaintiff about $50,000, certainly not much more than that. Of this, $10,000 has been used to purchase the annuity policy under which she will not receive payments until 1955. She would be fortunate if she could secure an annual income from the assets in her hands amounting to as much as $2000. It is only necessary to point to the contrast between the net income of some $18,000 accruing each year to the plaintiff, the offending party, and the $2000 or so which, until 1955, will be all that will come to the defendant, the injured party, in order to see the essential inequity of the judgment of the trial court. It is, of course, true that the plaintiff may die or for some other reason cease to earn any income or as much as he did before the trial; but the decree is subject to modification should a material change of circumstances require. The statute quoted in the *Page 322 
majority opinion authorizes an award of alimony from income in addition to property given. For the trial court in effect not to take note of the very large past and present income of the plaintiff and not to make a more adequate provision for the support of the defendant constitutes, in my judgment, a clear abuse of discretion.
In this opinion BROWN, J., concurred.